| Fill in this information to identify the case: | |
|---|---|
| United States Bankruptcy Court for the: | |
| __Southern__ District of __Texas__ (State) | |
| Case number (If known): _____ Chapter __11__ | ☐ Check if this is an amended filing |

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/25

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

1. **Debtor's name**  PosiGen, PBC

2. **All other names debtor used in the last 8 years**
   Include any assumed names, trade names, and *doing business as* names
   
   PosiGen, Inc.

3. **Debtor's federal Employer Identification Number** (EIN)   47-1619706

4. **Debtor's address**

   **Principal place of business**[1]
   
   720 N Post Oak Road
   Number / Street
   
   Houston    TX    77024
   City    State    ZIP Code
   
   Harris County
   County
   
   **Mailing address, if different from principal place of business**
   
   1000 Elmwood Park Boulevard, Suite A
   Number / Street
   
   P.O. Box
   
   Harahan    LA    70123
   City    State    ZIP Code
   
   **Location of principal assets, if different from principal place of business**
   
   _____
   Number / Street
   
   _____
   
   _____
   City    State    ZIP Code

5. **Debtor's website** (URL)    https://www.posigen.com

---

[1] Debtor leased this location from September 23, 2024 to October 31, 2025.

Debtor  PosiGen, PBC  
      Name

Case number *(if known)*_____

| | | |
|---|---|---|
| 6. | **Type of debtor** | ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) <br> ☐ Partnership (excluding LLP) <br> ☐ Other. Specify: _____ |
| 7. | **Describe debtor's business** | A. *Check one:* <br> ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A)) <br> ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B)) <br> ☐ Railroad (as defined in 11 U.S.C. § 101(44)) <br> ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A)) <br> ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6)) <br> ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3)) <br> ■ None of the above <br><br> B. *Check all that apply:* <br> ☐ Tax-exempt entity (as described in 26 U.S.C. § 501) <br> ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3) <br> ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11)) <br><br> C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes . <br>    2  2  1  1 |
| 8. | **Under which chapter of the Bankruptcy Code is the debtor filing?** | *Check one:* <br> ☐ Chapter 7 <br> ☐ Chapter 9 <br> ■ Chapter 11. *Check **all** that apply*: <br>    ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that). <br>    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B). <br>    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11. <br>    ☐ A plan is being filed with this petition. <br>    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). <br>    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form. <br>    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2. <br> ☐ Chapter 12 |
| 9. | **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?** <br> If more than 2 cases, attach a separate list. | ■ No <br> ☐ Yes. District _____ When _____ Case number _____ <br>                                           MM / DD / YYYY <br>            District _____ When _____ Case number _____ <br>                                           MM / DD / YYYY |

Debtor  __PosiGen, PBC_____   Case number (*if known*)_____
        Name

| 10. | **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?** <br><br> List all cases. If more than 1, attach a separate list. | ☐ No <br> ■ Yes.  Debtor __See Schedule 1_____   Relationship __Affiliate_____ <br>        District __Southern District of Texas__   When _____ <br>                                                                   MM / DD / YYYY <br>        Case number, if known  _____ |
| --- | --- | --- |
| 11. | **Why is the case filed in *this district*?** | *Check all that apply:* <br> ■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district. <br> ☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district. |
| 12. | **Does the debtor own or have possession of any real property or personal property that needs immediate attention?** | ■ No <br> ☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed. <br><br> **Why does the property need immediate attention?** (*Check all that apply.*) <br> ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety. <br>     What is the hazard? _____ <br> ☐ It needs to be physically secured or protected from the weather. <br> ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options). <br> ☐ Other _____ <br><br> **Where is the property?**_____ <br>             Number      Street <br> _____ <br> _____    _____  _____ <br> City                                State  ZIP Code <br><br> **Is the property insured?** <br> ☐ No <br> ☐ Yes.  Insurance agency _____ <br>        Contact name _____ <br>        Phone _____ |

|   | **Statistical and administrative information** |
|---|---|

| 13. | **Debtor's estimation of available funds** | *Check one:* <br> ■ Funds will be available for distribution to unsecured creditors. <br> ☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. |
| --- | --- | --- |
| 14. | **Estimated number of creditors (on a consolidated basis)** | ☐ 1-49         ☐ 1,000-5,000     ☐ 25,001-50,000 <br> ☐ 50-99        ☐ 5,001-10,000    ☐ 50,001-100,000 <br> ☐ 100-199     ■ 10,001-25,000   ☐ More than 100,000 <br> ☐ 200-999 |

Official Form 201                  Voluntary Petition for Non-Individuals Filing for Bankruptcy                         page **3**

Debtor  PosiGen, PBC
        Name

Case number (*if known*)_____

| | | | |
|---|---|---|---|
| **15. Estimated assets (on a consolidated basis)** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>■ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |
| **16. Estimated liabilities (on a consolidated basis)** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>■ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |

### Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  11/24/2025
             MM / DD / YYYY

✘ /s/ Peter Shaper                              Peter Shaper
Signature of authorized representative of debtor    Printed name

Title  Chief Executive Officer

**18. Signature of attorney**

✘ /s/ Charles R. Koster                    Date  11/24/2025
Signature of attorney for debtor                 MM / DD / YYYY

Charles R. Koster
Printed name

White & Case LLP
Firm name

609          Main Street, Suite 2900
Number       Street

Houston                              Texas      77002
City                                 State      ZIP Code

713-496-9700                         charles.koster@whitecase.com
Contact phone                        Email address

24128278                             Texas
Bar number                           State

Official Form 201    Voluntary Petition for Non-Individuals Filing for Bankruptcy    page 4

**Schedule 1**

**Affiliated Debtors**

On the date hereof, each of the affiliated Debtors listed below filed in this Court a petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.*, as amended. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of PosiGen, PBC.

1. PosiGen, PBC
2. PosiGen, LLC
3. PosiGen Operations, LLC
4. PosiGen Developer, LLC
5. PosiGen Provider, LLC
6. PosiGen Holdings, LLC
7. PosiGen Rampart Holdco, LLC
8. PosiGen Rampart, LLC
9. PosiGen Owner 2, LLC
10. PosiGen Owner 3, LLC

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| PosiGen, PBC, *et al.*,[1] | ) Case No. 25-_____ (___) |
| | ) |
| Debtors. | ) (Joint Administration Requested) |
| | ) |

## CONSOLIDATED CORPORATE OWNERSHIP STATEMENT AND LIST OF EQUITY INTEREST HOLDERS PURSUANT TO FED. R. BANKR. P. 1007(A)(1), 1007(A)(3), AND 7007.1

Pursuant to rules 1007(a)(1), 1007(a)(3), and 7001.1 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), attached hereto as **Exhibit A** is an organizational list reflecting all of the ownership interests in the debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"). The Debtors represent as follows:

1. The equity of each of the Debtors identified on **Exhibit A** is 100% owned by the parties identified as equity holders thereof on **Exhibit A**.

2. PosiGen, PBC is the ultimate parent of each of the Debtors. As of November 24, 2025, the following corporations hold 10% or more of PosiGen, PBC's stock.

- Elda River Opportunities Fund III LLC
- Elda River Opportunities IV Special Holdings A LLC I
- IROP Loan Aggregator, LP

---

[1] The last four digits of PosiGen, PBC's tax identification number are 9706. A complete list of each of the Debtors in these chapter 11 cases and the last four digits of their federal tax identification numbers may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.ra.kroll.com/PosiGen. The Debtors' service address in these chapter 11 cases is 1000 Elmwood Park Boulevard, Suite A, Harahan, LA 70123.

**Exhibit A**

| Entity | Equity Holder | Type of Interest | Percentage Ownership | Last Known Address of Equity Holder |
|---|---|---|---|---|
| PosiGen, LLC | PosiGen, PBC | Membership | 100% | 1000 Elmwood Park Boulevard Suite A Harahan, LA 70123 |
| PosiGen Operations, LLC | PosiGen, LLC | Membership | 100% | 1000 Elmwood Park Boulevard Suite A Harahan, LA 70123 |
| PosiGen Developer, LLC | PosiGen Operations, LLC | Membership | 100% | 1000 Elmwood Park Boulevard Suite A Harahan, LA 70123 |
| PosiGen Provider, LLC | PosiGen Operations, LLC | Membership | 100% | 1000 Elmwood Park Boulevard Suite A Harahan, LA 70123 |
| PosiGen Holdings, LLC | PosiGen, LLC | Membership | 100% | 1000 Elmwood Park Boulevard Suite A Harahan, LA 70123 |
| PosiGen Rampart Holdco, LLC | PosiGen Holdings, LLC | Membership | 100% | 1000 Elmwood Park Boulevard Suite A Harahan, LA 70123 |
| PosiGen Rampart, LLC | PosiGen Rampart Holdco, LLC | Membership | 100% | 1000 Elmwood Park Boulevard Suite A Harahan, LA 70123 |
| PosiGen Owner 2, LLC | PosiGen Rampart, LLC | Membership | 100% | 1000 Elmwood Park Boulevard Suite A Harahan, LA 70123 |
| PosiGen Owner 3, LLC | PosiGen Rampart, LLC | Membership | 100% | 1000 Elmwood Park Boulevard Suite A Harahan, LA 70123 |

**Fill in this information to identify the case:**

Debtor name   Posigen, PBC, et al.

United States Bankruptcy Court for the:   Southern   District of   Texas
(State)

Case number (If known):

☐ Check if this is an amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders    12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Elda River Opportunities IV Special Holdings B LLC<br><br>1111 Bagby Street, Suite 2000<br>Houston, TX 77002 | Notices Contact<br>mtp_notices@magnetar.com | Convertible Notes | Unliquidated and Disputed | | | $22,201,313.51 |
| 2 | Elda River Energy Opportunities Fund III LLC<br><br>1603 Orrington Avenue<br>13th Floor<br>Evanston, IL 60201 | Adam Daley<br>adam.daley@eldariver.com<br><br>Craig Rohr<br>craig.rohr@eldariver.com<br>(312) 767-4420 | Convertible Notes | Unliquidated and Disputed | | | $19,679,447.86 |
| 3 | Activate Capital Partners II, LP<br><br>50 California Street<br>Suite 2050<br>San Francisco, CA 94111 | Phyllis Reid<br>phyllis@activatecap.com | Convertible Notes | Unliquidated and Disputed | | | $16,619,273.17 |
| 4 | IROP Loan Aggregator, LP<br><br>2810 N Church Street, Pmb<br>Wilmington, DE 19802 | Jenna Young<br>jenna.young@apollo.com<br>(424) 222-8380 | Convertible Notes | Unliquidated and Disputed | | | $12,396,787.88 |
| 5 | SolarEdge Technologies Inc<br><br>700 E Tasman Drive<br>Milpitas, CA 95035 | Melanie Cabelo<br>melanie.cabelo@solaredge.com | Trade Payable | Unliquidated and Disputed | | | $12,322,585.06 |
| 6 | Builders PSGN LLC<br><br>4319 21st Street<br>San Francisco, CA 94114 | Tripp Baird<br>tripp@thebuildersfund.com | Convertible Notes | Unliquidated and Disputed | | | $6,299,592.47 |
| 7 | Spark Investment Partners, LLC<br><br>1355 Greenwood Cliff<br>Suite 301<br>Charlotte, NC 28204 | Mark Bruinooge<br>mark@wtmrk.com | Convertible Notes | Unliquidated and Disputed | | | $3,284,081.22 |
| 8 | Builders Fund II LP<br><br>4319 21st Street<br>San Francisco, CA 94114 | Tripp Baird<br>tripp@thebuildersfund.com | Convertible Notes | Unliquidated and Disputed | | | $3,227,227.24 |

Official Form 204    Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims    page 1

Debtor    Posigen, PBC, et al.                                  Case number (*if known*)_____
          Name

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 | EMT Renewables, LLC d.b.a EMT Solar and Roofing<br><br>523 Hollywood Ave<br>Cherry Hill, NJ 08002 | Thomas Cleary<br>tom@emtsolar.com | Channel Partner | Unliquidated and Disputed | | | $2,445,831.98 |
| 10 | Sogeti USA (CapGemini)<br><br>Division Of Capgemini America, Inc<br>Chicago, IL 60673-1283 | Kristen Walker<br>kristen.walker@sogeti.com<br><br>Finance Contact<br>finance.us@sogeti.com | Professional Services | Unliquidated and Disputed | | | $2,174,774.01 |
| 11 | ECI 2022-2023 LLC<br><br>PO Box 61239<br>Dept 1173<br>Palo Alto, CA 94306 | Legal Contact<br>legal@emersoncollective.com | Convertible Notes | Unliquidated and Disputed | | | $1,948,080.64 |
| 12 | Power Energy Solutions<br><br>72 E Holly Ave.<br>Pitman, NJ 08071 | Joseph Enright<br>joe@powerenergysolutionsllc.com<br><br>Ryan Cybulski<br>ryan@powerenergysolutions.com | Channel Partner | Unliquidated and Disputed | | | $1,199,187.23 |
| 13 | 2040 Foundation, Inc.<br><br>1355 Greenwood Cliff<br>Suite 301<br>Charlotte, NC 28204 | Mark Bruinooge<br>mark@wtmrk.com | Convertible Notes | Unliquidated and Disputed | | | $1,197,383.50 |
| 14 | SJF Ventures V, LP<br><br>200 N Magnum Street<br>Suite 203<br>Durham, NC 27701 | Dave Kirkpatrick<br>dkirk@sjfventures.com | Convertible Notes | Unliquidated and Disputed | | | $1,197,115.15 |
| 15 | Dolphin Builders LP<br><br>4319 21st Street<br>San Francisco, CA 94114 | Tripp Baird<br>tripp@thebuildersfund.com | Convertible Notes | Unliquidated and Disputed | | | $1,063,084.01 |
| 16 | NY State Solar<br><br>132 W 31st ST<br>Suite 1300<br>New York, NY 10001 | Reid Garton<br>rgarton@nystatesolar.com | Channel Partner | Unliquidated and Disputed | | | $1,012,240.37 |
| 17 | CED Greentech Pensacola<br><br>3361 Copter Rd.<br>Pensacola, FL 32514 | Andrew Smith<br>andrew.smith2@greentechrenewables.com | Trade Payable | Unliquidated and Disputed | | | $886,338.34 |
| 18 | SJF Ventures IV, LP<br><br>200 North Mangum Street, Suite 203<br>Durham, NC 27701 | Dave Kirkpatrick<br>dkirk@sjfventures.com | Convertible Notes | Unliquidated and Disputed | | | $880,639.06 |
| 19 | GAF ENERGY LLC<br><br>1 Campus Drive<br>Parsippany, NJ 07054 | Lucy Zhao<br>lucy.zhao@gaf.energy<br><br>Jason Barrett<br>jason.barrett@gaf.energy<br>917-771-1914 | Channel Partner | Unliquidated and Disputed | | | $869,863.38 |
| 20 | Venture Home Solar, LLC<br><br>327 Captain Lewis Drive, Southington, CT 06489 | John Giles<br>giles@venturehomesolar.com<br>203-722-1061 | Channel Partner | Unliquidated and Disputed | | | $745,277.44 |

Official Form 204    Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims    page 2

Debtor  Posigen, PBC, et al.
        Name

Case number (if known)

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 21 | Dataplatr Corp<br><br>419 Brassinga Ct<br>Palo Alto, CA 94306 | Harish Ramachandraiah<br>harish@dataplatr.com | Trade Payable | Unliquidated and Disputed | | | $723,880.00 |
| 22 | Whitman Construction<br><br>1800 Route 34 N,<br>Suite 402<br>Wall NJ 07719 | Mellisa Whitman<br>melissaw@stevewhitman.com | Channel Partner | Unliquidated and Disputed | | | $696,756.76 |
| 23 | Advanced Solar (Evolution Solar)<br><br>3321 75th Avenue<br>Suite F<br>Landover MD 20785 | Nick Hayes<br>nick@advanced.solar<br>443-981-9392 | Channel Partner | Unliquidated and Disputed | | | $665,015.34 |
| 24 | Sitetracker Inc<br><br>491 Bloomfield Ave<br>Montclair, NJ 07042 | Legal Contact<br>legal@sitetracker.com | Trade Payable | Unliquidated and Disputed | | | $613,219.80 |
| 25 | Ion Solar Pros LLC<br><br>751 Straits Tpke<br>Ste 2000<br>Middlebury CT 6762 | William Barrieau<br>bbarrieau@goisp.com | Channel Partner | Unliquidated and Disputed | | | $562,861.11 |
| 26 | Kamtech Restoration<br><br>203 B Sheridan Blvd<br>Inwood NY 11096 | Krzysztof Kaminski<br>kkaminski@kamtechsolar.com | Channel Partner | Unliquidated and Disputed | | | $552,045.07 |
| 27 | Integrity Solar and Home Solutions<br><br>638 Delsea Drive<br>Sewell, NJ 08080 | Cody Matthews<br>cody.m@integrity-solar.com | Channel Partner | Unliquidated and Disputed | | | $546,143.30 |
| 28 | Rhythm Solar LLC<br><br>2000 Crawford Place<br>Suite 300<br>Mt. Laurel, NJ 08054 | Mariah Caraballo<br>Mariah@definesolar.com | Channel Partner | Unliquidated and Disputed | | | $521,567.93 |
| 29 | 2Oceans Energy LLC<br><br>11988 Barlow Lake Rd<br>Middleville, MI 49333 | Scott Pitsch<br>scott@2oceans.com | Professional Services | Unliquidated and Disputed | | | $500,000.00 |
| 30 | Skyline Solar<br><br>4 Crossroads Drive,<br>Suite 116<br>Hamilton, NJ 08691 | Bill Dailey<br>bill@skylinesolar.net | Channel Partner | Unliquidated and Disputed | | | $442,441.89 |

**CERTIFICATION
OF THE SECRETARY OF
POSIGEN, PBC**

**November 24, 2025**

The following are resolutions adopted at the meeting of the board of directors (the "**Board**") of PosiGen, PBC (the "**Company**"), a Delaware public benefit Company, held via videoconference and telephone on November 24, 2025. Present at the meeting were the following members of the Board: Tripp Baird, Mark Bruinooge, Adam Daley, Anup Jacob, Thomas Neyhart, Craig Rohr, Peter Shaper, and Jenna Young. Also present by invitation of the Board were Sarah Wells and C. Dan Black.

After discussion and upon motion duly made and properly seconded, the Board approved the following resolutions by unanimous voice vote of the members of the Board:

**WHEREAS**, the Company is the sole member of PosiGen, LLC ("**Holdings Parent**"), a Delaware limited liability company;

**WHEREAS**, Holdings Parent is the sole member of PosiGen Operations, LLC ("**PosiGen Operations**") and PosiGen Holdings, LLC ("**PosiGen Holdings**"), each, a Delaware limited liability company;

**WHEREAS**, PosiGen Operations is the sole member of PosiGen Developer, LLC ("**Developer**") and PosiGen Provider, LLC ("**Provider**"), each, a Delaware limited liability company;

**WHEREAS**, PosiGen Holdings is the sole member of PosiGen Rampart Holdco, LLC ("**Rampart Holdco**"), a Delaware limited liability company;

**WHEREAS**, Rampart Holdco is the sole member of PosiGen Rampart, LLC ("**Rampart**"), a Delaware limited liability company;

**WHEREAS**, Rampart is the sole member of PosiGen Owner 2, LLC ("**PosiGen Owner 2**") and PosiGen Owner 3, LLC ("**PosiGen Owner 3**" and, together with Holdings Parent, PosiGen Operations, PosiGen Holdings, Developer, Provider, Rampart Holdco, Rampart, and PosiGen Owner 2, the "**PosiGen Entities**" and each, a "**PosiGen Entity**" and, collectively with the Company, the "**Filing Entities**"), each, a Delaware limited liability company;

**WHEREAS**, each of the Filing Entities has experienced a negative impact on its business due to recent volatility in the renewable energy market, the acquisition by certain of the Filing Entities of new solar projects, and the lack of available financing to complete those projects, which, among other things, have constrained each Filing Entity's liquidity position and access to working capital and adversely affected each Filing Entity's ability to implement and adjust its overall business plan;

**WHEREAS**, the Board has reviewed and considered (a) the presentations by each Filing Entity's management and financial and legal advisors regarding the liabilities and prospectives of

such Filing Entity, the strategic alternatives available to it, and the impact of the foregoing on such Filing Entity's businesses and (b) the information and advice previously provided to and reviewed by the Board;

**WHEREAS**, the Board has had the opportunity to consult with the applicable Filing Entity's management and legal and financial advisors and fully consider each of the strategic alternatives available to such Filing Entity;

**WHEREAS**, the Board is aware that Peter Shaper and Thomas Neyhart are directors and officers of the Filing Entities and would be beneficiaries of the proposed key employee incentive plan described below) and as such have a financial interest in such plan;

**WHEREAS**, the Board is aware of the material facts related to such key employee incentive plan, including Peter Shaper's and Thomas Neyhart's potential participation therein, and the remaining members of the Board constitute a majority of the disinterested directors serving on the Board; and

**WHEREAS**, based on its review of all available alternatives and advice provided by such legal and financial advisors, the Board, on behalf of the Company and indirectly on behalf of the PosiGen Entities, has determined it appropriately balances the pecuniary interests of the stockholders and creditors of the Company, the specific public benefit identified in the Amended and Restated Certificate of Incorporation of the Company currently in effect (the "***Restated Certificate***"), and the interests of those materially affected by the Company's conduct and that it is in the best interest of each of the Filing Entities, its stockholders, creditors, and other parties in interest to take the actions specified in the following resolutions.

**NOW, THEREFORE, BE IT**

**RESOLVED**, that, in the business judgment of the Board, it is deemed advisable and appropriately balances the pecuniary interests of the stockholders and creditors of the Filing Entities, the specific public benefit identified in the Restated Certificate, and the interests of those materially affected by the Filing Entities' conduct and that it is in the best interest of each of the Filing Entities, its stockholders, creditors, and other parties in interest, for each Filing Entity to file, or cause to be filed, a voluntary petition for relief (collectively, the "***Chapter 11 Cases***") under chapter 11 of title 11 of the U.S. Code (as amended, the "***Bankruptcy Code***") in the U.S. Bankruptcy Court for the Southern District of Texas (the "***Bankruptcy Court***") and any other petition for relief or recognition or other order that may be desirable under applicable law, and to take any and all actions that such Filing Entity deems necessary or appropriate.

**RESOLVED**, that, in the business judgment of the Board and based upon the advice of counsel, it is deemed advisable and appropriately balances the pecuniary interests of the stockholders and creditors of the Filing Entities, the specific public benefit identified in the Restated Certificate, and the interests of those materially affected by the Filing Entities' conduct and that it is in the best interest of each of the Filing Entities, its stockholders, creditors, and other parties in interest, for each Filing Entity to implement, subject to Bankruptcy Court approval, (i) a key employee incentive plan (in the form presented to the Board, the "***KEIP***") for six identified senior officers of the Filing Entities for the purpose of incentivizing such officers to cause the

Filing Entities to expeditiously propose, seek confirmation of, and consummate, a chapter 11 plan of reorganization or liquidation, thereby maximizing the value of the Filing Entities' assets available for distribution to creditors and other stakeholders, and (ii) a key employee retention plan (the "*KERP*") that provides for cash payments in the aggregate amount of approximately $570,000 to approximately 36 key non-senior officer employees of the Filing Entities for the purpose for retaining and incentivizing continued performance by such employees during the Chapter 11 Cases and for a period of at least 140 days (or, if earlier, consummation of a chapter 11 plan of reorganization or liquidation), thereby maintaining the Filing Entities operations and preserving the value of the Filing Entities assets available for distribution to creditors and other stakeholders.

**RESOLVED**, that (i) the Board, which is acting on behalf of (ii) the Company, which is acting in its capacity as the sole member of (iii) Holdings Parent, which is acting in its capacity as the sole member of (iv)(a) PosiGen Holdings, which is acting in its capacity as the sole member of Rampart Holdco, which is acting in its capacity as the sole member of Rampart, which is acting in its capacity as the sole member of PosiGen Owner 2 and PosiGen Owner 3 and (b) PosiGen Operations, which is acting in its capacity as the sole member of Developer and Provider, hereby authorizes, empowers, and directs each officer of each Filing Entity (each, an "*Authorized Signatory*" and collectively, the "*Authorized Signatories*"), acting alone or with one or more other Authorized Signatories, together with such Filing Entity's advisors, to execute and file on behalf of each Filing Entity all petitions, schedules, lists and other motions, applications, pleadings, papers, or documents, and to take any and all actions that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of each Filing Entity's businesses and in connection with the Chapter 11 Cases and to obtain Bankruptcy Court approval of and implement the KEIP and KERP, with a view to the successful prosecution of the Chapter 11 Cases.

**RESOLVED**, that, each of the Authorized Signatories be, and they hereby are, authorized and directed to employ (i) the law firm of White & Case LLP ("*W&C*") as general bankruptcy counsel to represent and assist such Filing Entity in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance such Filing Entity's rights and obligations, including filing any motions, objections, replies, applications, or pleadings, (ii) the firm of FTI Consulting, Inc. ("*FTI*"), as financial advisor to such Filing Entity to represent and assist such Filing Entity in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance such Filing Entity's rights and obligations, (iii) the firm of Kroll Restructuring Administration, LLC ("*Kroll*"), as claims and noticing agent to such Filing Entity to represent and assist such Filing Entity in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance such Filing Entity's rights and obligations, and (iv) any other professionals, including legal counsel, accountants, financial advisors, investment bankers, and other professionals, to assist such Filing Entity in carrying out its duties under the Bankruptcy Code.

**RESOLVED**, that each of the Authorized Signatories be, and they hereby are, authorized and empowered, on behalf of and in the name of the applicable Filing Entity to amend, supplement, or otherwise modify from time to time the terms of any documents, certificates, instruments, agreements, financing statements, notices, undertakings, or other writings referred to in the foregoing resolutions.

3

**RESOLVED**, that, in addition to the specific authorizations heretofore conferred upon the Authorized Signatories, each of the Authorized Signatories (and their designees and delegates) is hereby authorized and empowered, in the name of and on behalf of the applicable Filing Entity, to take or cause to be taken any and all further actions, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents, and to pay all expenses, including but not limited to filing fees, as, in the judgment of such signatory, may be necessary, advisable, or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein.

**RESOLVED**, that the Board and each sole member of each Filing Entity has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of each Filing Entity, or hereby waives any right to have received such notice.

**RESOLVED**, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of each Filing Entity, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby, in all respects, approved and ratified as the true acts and deeds of each Filing Entity with the same force and effect as if each such act, transaction, agreement, or certificate has been specifically authorized in advance by resolution of the Board or the sole member of such Filing Entity, as applicable.

**RESOLVED**, that the omission from these resolutions of any agreement, document, or other arrangement contemplated by any of the agreements, documents, or instruments described in the foregoing resolutions or any action to be taken in accordance with any requirement of any of the agreements or instruments described in the foregoing resolutions shall in no manner derogate from the authority of the Authorized Signatories or each officer of each Filing Entity to take all actions necessary, desirable, advisable, or appropriate to consummate, effectuate, carry out, or further the transactions contemplated by, and the intent and purposes of, the foregoing resolutions.

**RESOLVED**, that each of the Authorized Signatories (and their designees and delegates) and each officer of each Filing Entity,  be, and hereby is, authorized and empowered to take all actions or to not take any action in the name of each respective Filing Entity with respect to the transactions contemplated by these resolutions hereunder, as such signatory shall deem necessary or desirable in such signatory's reasonable business judgment to effectuate the purposes of the transactions contemplated herein.

\*\*\*

**Attestation**

The undersigned certifies that the foregoing resolutions were adopted by the Board at the meeting referenced in the preamble.

By: _____
        C. Dan Black
        Secretary of the Meeting

**Fill in this information to identify the case and this filing:**

Debtor Name __PosiGen, PBC_____

United States Bankruptcy Court for the: __Southern_____ District of __Texas____
                                                                                                                                         (State)

Case number (*If known*): _____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors     12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.** Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* ____
- ☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☒ Other document that requires a declaration __Consolidated Corporate Ownership Statement and List of Equity Interest Holders Pursuant to Fed. R. Bankr. P. 1007(A)(1), 1007(A)(3), and 7007.1__

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __11/24/2025__        ✘ __/s/ Peter Shaper_____
               MM / DD / YYYY            Signature of individual signing on behalf of debtor

                                                      __Peter Shaper_____
                                                      Printed name

                                                      __Chief Executive Officer_____
                                                     Position or relationship to debtor