**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| POSIGEN, PBC, | ) | Case No. 25-90787 (ARP) |
| Debtor. | ) | (Emergency Hearing Requested) |
| Tax I.D. No. 47-1619706 | ) | |
| In re: | ) | Chapter 11 |
| POSIGEN DEVELOPER, LLC, | ) | Case No. 25-90788 (ARP) |
| Debtor. | ) | (Emergency Hearing Requested) |
| Tax I.D. No. 87-4400455 | ) | |
| In re: | ) | Chapter 11 |
| POSIGEN HOLDINGS, LLC, | ) | Case No. 25-90789 (ARP) |
| Debtor. | ) | (Emergency Hearing Requested) |
| Tax I.D. No. 92-2654715 | ) | |
| In re: | ) | Chapter 11 |
| POSIGEN OPERATIONS, LLC, | ) | Case No. 25-90790 (ARP) |
| Debtor. | ) | (Emergency Hearing Requested) |
| Tax I.D. No. 87-4375857 | ) | |
| In re: | ) | Chapter 11 |
| POSIGEN OWNER 2, LLC, | ) | Case No. 25-90791 (ARP) |
| Debtor. | ) | (Emergency Hearing Requested) |
| Tax I.D. No. 99-4145336 | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| POSIGEN PROVIDER, LLC, | ) | Case No. 25-90792 (ARP) |
| | ) | |
| Debtor. | ) | (Emergency Hearing Requested) |
| | ) | |
| Tax I.D. No. 87-4435862 | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| POSIGEN OWNER 3, LLC, | ) | Case No. 25-90793 (ARP) |
| | ) | |
| Debtor. | ) | (Emergency Hearing Requested) |
| | ) | |
| Tax I.D. No. 39-3292332 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| POSIGEN RAMPART HOLDCO, LLC, | ) | Case No. 25-90794 (ARP) |
| | ) | |
| Debtor. | ) | (Emergency Hearing Requested) |
| | ) | |
| Tax I.D. No. 93-4335338 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| POSIGEN RAMPART, LLC, | ) | Case No. 25-90795 (ARP) |
| | ) | |
| Debtor. | ) | (Emergency Hearing Requested) |
| | ) | |
| Tax I.D. No. 93-1894828 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| POSIGEN, LLC, | ) | Case No. 25-90796 (ARP) |
| | ) | |
| Debtor. | ) | (Emergency Hearing Requested) |
| | ) | |
| Tax I.D. No. 46-1393626 | ) | |

**DEBTORS' EMERGENCY MOTION FOR ENTRY OF AN
ORDER (I) DIRECTING JOINT ADMINISTRATION OF CASES
AND (II) WAIVING REQUIREMENTS OF BANKRUPTCY CODE
SECTION 342(c)(1) AND BANKRUPTCY RULES 1005 AND 2002(o)**

> **Emergency relief has been requested. Relief is requested not later than 12:00 p.m. (prevailing Central Time) on November 25, 2025.**
>
> **If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**
>
> **A hearing will be conducted on this matter on November 25, 2025 at 12:00 p.m. (prevailing Central Time) in Courtroom 400, 4th Floor, 515 Rusk, Houston, Texas 77002. Participation at the hearing will only be permitted by an audio and video connection.**
>
> **Audio communication will be by use of the Court's dial-in facility. You may access the facility at (832) 917-1510. Once connected, you will be asked to enter the conference room number. Judge Pérez's conference room number is 282694. Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Pérez's home page. The meeting code is "JudgePerez". Click the settings icon in the upper right corner and enter your name under the personal information setting.**
>
> **Hearing appearances must be made electronically in advance of both electronic and in-person hearings. To make your appearance, click the "Electronic Appearance" link on Judge Pérez's home page. Select the case name, complete the required fields and click "Submit" to complete your appearance.**

1. The debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**") state as follows in support of this motion (this "**Motion**"):

**RELIEF REQUESTED**

2. The Debtors seek entry of an order, substantially in the form attached hereto (the "**Order**"): (a) directing procedural consolidation and joint administration of these chapter 11 cases and (b) waiving the requirements of section 342(c)(1) of title 11 of the United States Code (the "**Bankruptcy Code**") and rule 2002(o) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") that the case caption and other notices mailed in these chapter 11 cases contain the tax identification number and address for each Debtor. As an alternative to including each Debtor's address and tax identification number in the caption, the Debtors propose adding a

footnote listing all of the Debtors and the last four digits of their tax identification numbers. Specifically, the Debtors request that the Clerk of the United States Bankruptcy Court for the Southern District of Texas maintain one file and one docket for all of the jointly administered cases under the case of PosiGen, PBC, and that the cases be administered under a consolidated caption, as follows:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| PosiGen, PBC, *et al.*,[1] | ) Case No. 25-90787 (ARP) |
| Debtors. | ) (Jointly Administered) |

3. The Debtors further request that a docket entry, substantially similar to the following, be entered on the docket of each of the Debtors to reflect the joint administration of these chapter 11 cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Bankruptcy Local Rules directing joint administration of the chapter 11 cases of: PosiGen, PBC, Case No. 25-90787; PosiGen Developer, LLC, Case No. 25-90788; PosiGen Holdings, LLC, Case No. 25-90789; PosiGen Operations, LLC, Case No. 25-90790; PosiGen Owner 2, LLC, Case No. 25-90791; PosiGen Provider, LLC, Case No. 25-90792; PosiGen Owner 3, LLC, Case No. 25-90793; PosiGen Rampart Holdco, LLC, Case No. 25-90794; PosiGen Rampart, LLC, Case No. 25-90795; PosiGen, LLC, Case No. 25-90796. All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 25-90787 (ARP).

---

[1] The last four digits of PosiGen, PBC's tax identification number are 9706. A complete list of each of the Debtors in these chapter 11 cases and the last four digits of their federal tax identification numbers may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.ra.kroll.com/PosiGen. The Debtors' service address in these chapter 11 cases is 1000 Elmwood Park Boulevard, Suite A, Harahan, LA 70123.

2

**Jurisdiction, Venue, and Predicates for Relief**

4. The United States Bankruptcy Court for the Southern District of Texas (the "**Court**") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding under 28 U.S.C. § 157(b). The Debtors confirm their consent to the entry of a final order by the Court. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5. The predicates for the relief requested herein are sections 105(a) and 342(c) of the Bankruptcy Code, Bankruptcy Rules 1015(b) and 6003, and rules 1015-1 and 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "**Bankruptcy Local Rules**").

**Background**

6. On November 24, 2025 (the "**Petition Date**"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the Court. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors have requested joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b) concurrently with the filing of this Motion. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no official committee has been appointed or designated.

7. The Debtors, together with certain non-debtor affiliates (collectively, the "**Company**") are a leading provider of residential solar and energy efficiency solutions for low-to-moderate income homeowners. The Company was founded in 2011 with the mission to make "Solar for All" a reality. Over the past decade, the Company expanded dramatically and currently serves over 40,000 residential customers in fifteen states through direct operations and channel partners. The Company experienced significant liquidity issues beginning in 2025 and could not secure sufficient financing to continue most of its operations. On August 24, 2025, without sufficient liquidity, the Debtors made the difficult decision to shutter their development business

3

and significantly reduced their workforce. Thereafter, the Company has been living on a week-to-week basis with financing from its primary financing counterparty, an affiliate of Brookfield Asset Management.

8. The evidentiary basis for the relief requested in this Motion is set forth in the *Declaration of Robert Del Genio in Support of Debtors' Petitions and Requests for First Day Relief* (the "**First Day Declaration**"). Additional factual background and information regarding the Debtors, including their business operations, their corporate and capital structures, and the events leading to the commencement of these chapter 11 cases, is set forth in detail in the *Debtors' Informational Brief* (the "**Informational Brief**").[1] Both the First Day Declaration and the Informational Brief are filed concurrently herewith and incorporated by reference herein.

## Basis for Relief

9. Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). The Debtors in these cases are "affiliates" of each other as the term is defined in section 101(2) of the Bankruptcy Code[2] and as used in Bankruptcy Rule 1015(b).

10. Joint administration of these chapter 11 cases will provide significant administrative convenience without harming the substantive rights of any party in interest. Many of the motions, hearings, and orders in these chapter 11 cases will affect each Debtor entity. The entry of an order directing joint administration of these chapter 11 cases will reduce fees and costs

---

[1] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to such terms in the First Day Declaration or the Informational Brief.

[2] In particular, affiliate is defined in the Bankruptcy Code as, among other things, a "corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds the power to vote, 20 percent or more of the outstanding voting securities of the debtor. . . ." 11 U.S.C. § 101(2)(B).

4

by avoiding duplicative filings and objections. Joint administration also will allow the United States Trustee and all parties in interest to monitor these chapter 11 cases with greater ease and efficiency.

11. Joint administration will not adversely affect the Debtors' respective constituencies. This Motion seeks only administrative, not substantive, consolidation of the Debtors' estates. Parties in interest will benefit from the cost reductions associated with the joint administration of these chapter 11 cases. The joint administration of these chapter 11 cases is in the best interests of the Debtors' estates, their creditors, and all other parties in interest.

12. The use of the simplified case caption, without reference to the Debtors' respective tax identification numbers and other detail specified by section 342(c) of the Bankruptcy Code and Bankruptcy Rule 2002(n), will eliminate cumbersome and confusing procedures and ensure a uniformity of pleading identification. The name of the lead Debtor and the last four digits of its tax identification number will be set forth in the footnote to the caption. The footnote to the caption will also include a link to a webpage maintained by the Debtors' proposed claims and noticing agent, where the names of the other Debtors and their tax identification numbers will be readily available.[3] Further, such case-specific information will be listed in the petitions for each Debtor, which are publicly available or will be provided by the Debtors upon request; and this information will be included in key notices to parties in interest, such as the notices required under Bankruptcy Rules 2002(a)(1), 2002(a)(7), and 2002(b), applicable to these chapter 11 cases. Therefore, the policies behind the requirements of Bankruptcy Code section 342(c) and Bankruptcy Rules 1005, 1015, and 2002(n) have been satisfied.

---

[3] Given the large number of Debtors in these chapter 11 cases, the Debtors submit that their proposed footnote to the caption is appropriate to streamline pleadings.

**Emergency Consideration**

13. Bankruptcy Rule 6003 empowers a court to grant relief within the first 21 days after the Petition Date "to the extent that relief is necessary to avoid immediate and irreparable harm." Failure to receive the relief requested in this Motion during the first 21 days of these chapter 11 cases would severely disrupt the Debtors' operations at this critical juncture. The Debtors have satisfied the "immediate and irreparable" harm standard in Bankruptcy Rule 6003 and request that the Court approve the relief requested on an emergency basis.

**Notice**

14. The Debtors will provide notice of this Motion to: (a) the U.S. Trustee; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) the United States Attorney's Office for the Southern District of Texas; (d) the state attorneys general for the states in which the Debtors operate; (e) the Internal Revenue Service; (f) the indenture trustees, administrative agents, and collateral agents in respect of: (i) the Secured Convertible Notes; (ii) the Battery Revolving Credit Facility; (iii) the Promissory Note; (iv) the June Bridge Loan Facility; (v) the July Bridge Loan Facility; (vi) the Unsecured Convertible Notes; (vii) the Backleverage Facility; (viii) the CGB 2L Facility; (ix) the DCGB 3L Facility; and (g) any party that has requested notice pursuant to Bankruptcy Rule 2002 and Bankruptcy Local Rule 9013-1(d). In light of the nature of the relief requested, no other or further notice need be provided.

The Debtors request that the Court enter the Order granting the relief requested in this Motion and such other and further relief as the Court deems appropriate under the circumstances.

Dated: November 25, 2025
Houston, Texas

/s/ *Charles R. Koster*

| | |
|---|---|
| **WHITE & CASE LLP** | **WHITE & CASE LLP** |
| Charles R. Koster (Texas Bar No. 24128278) | Thomas E Lauria (Texas Bar No. 11998025) |
| 609 Main Street, Suite 2900 | Michael C. Shepherd (*pro hac vice* pending) |
| Houston, Texas 77002 | Fan B. He (*pro hac vice* pending) |
| Telephone: (713) 496-9700 | Andrea Kropp (*pro hac vice* pending) |
| Email: charles.koster@whitecase.com | Southeast Financial Center |
| | 200 South Biscayne Boulevard, Suite 4900 |
| | Miami, Florida 33131 |
| | Telephone: (305) 371-2700 |
| | Email: tlauria@whitecase.com |
| | mshepherd@whitecase.com |
| | fhe@whitecase.com |
| | andrea.kropp@whitecase.com |
| - and - | - and - |
| **WHITE & CASE LLP** | **WHITE & CASE LLP** |
| Aaron E. Colodny (*pro hac vice* pending) | Andrea Amulic (*pro hac vice* pending) |
| 555 South Flower Street, Suite 2700 | 1221 Avenue of the Americas |
| Los Angeles, California 90071 | New York, New York 10020 |
| Telephone: (213) 620-7700 | Telephone: (212) 819-8200 |
| Email: aaron.colodny@whitecase.com | Email: andrea.amulic@whitecase.com |
| | *Proposed Counsel to the Debtors and Debtors in Possession* |

**Certificate of Accuracy**

I certify that the foregoing statements are true and accurate to the best of my knowledge. This statement is being made pursuant to Bankruptcy Local Rule 9013-1(i).

/s/ *Charles R. Koster*
Charles R. Koster

**Certificate of Service**

I certify that on November 25, 2025, I caused a copy of the foregoing document to be served via the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

/s/ *Charles R. Koster*
Charles R. Koster