**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| POSIGEN, PBC, *et al.*,[1] | ) | Case No. 25-90787 (ARP) |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | (Emergency Hearing Requested) |

**DEBTORS' EMERGENCY *EX PARTE* APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF KROLL RESTRUCTURING ADMINISTRATION LLC AS CLAIMS, NOTICING AND SOLICITATION AGENT**

**Emergency relief has been requested. Relief is requested not later than 12:00 p.m. (prevailing Central Time) on November 25, 2025.**

**If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

**A hearing will be conducted on this matter on November 25, 2025 at 12:00 p.m. (prevailing Central Time) in Courtroom 400, 4th Floor, 515 Rusk, Houston, Texas 77002. Participation at the hearing will only be permitted by an audio and video connection.**

**Audio communication will be by use of the Court's dial-in facility. You may access the facility at (832) 917-1510. Once connected, you will be asked to enter the conference room number. Judge Pérez's conference room number is 282694. Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Pérez's home page. The meeting code is "JudgePerez". Click the settings icon in the upper right corner and enter your name under the personal information setting.**

**Hearing appearances must be made electronically in advance of both electronic and in-person hearings. To make your appearance, click the "Electronic Appearance" link on Judge Pérez's home page. Select the case name, complete the required fields and click "Submit" to complete your appearance.**

The debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**") state as follows in support of the application (the "**Application**"):

[1] The last four digits of PosiGen, PBC's tax identification number are 9706. A complete list of each of the Debtors in these chapter 11 cases and the last four digits of their federal tax identification numbers may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.ra.kroll.com/PosiGen. The Debtors' service address in these chapter 11 cases is 1000 Elmwood Park Boulevard, Suite A, Harahan, LA 70123.

## Relief Requested

1. The Debtors request entry of an order (the "**Order**"), substantially in the form attached hereto, appointing Kroll Restructuring Administration LLC ("**Kroll**") as claims, noticing, and solicitation agent in accordance with the terms and conditions set forth in the engagement letter dated August 20, 2025 (the "**Engagement Letter**"), attached hereto as **Exhibit 1**.

2. In support of this Application, the Debtors rely upon and incorporate by reference: (i) the *Declaration of Benjamin J. Steele in Support of the Debtors' Emergency Ex Parte Application For Entry of an Order Authorizing the Retention and Employment of Kroll Restructuring Administration LLC as Claims, Noticing, and Solicitation Agent* (the "**Steele Declaration**"), attached hereto as **Exhibit 2**; and (ii)(a) the *Declaration of Robert Del Genio in Support of Debtors' Petitions and Requests for First Day Relief* (the "**First Day Declaration**"); and (b) the *Debtors' Informational Brief* (the "**Informational Brief**"),[2] in each case filed concurrently herewith.

3. Emergency consideration of this Application is requested to effectuate the Debtors' transition into bankruptcy and to begin immediately providing effective notice of pleadings and orders to interested parties.

## Jurisdiction, Venue, and Predicates for Relief

4. The United States Bankruptcy Court for the Southern District of Texas (the "**Court**") has jurisdiction over this application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding under 28 U.S.C. § 157(b). The Debtors confirm their consent to the entry of a final order by the Court. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

[2] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to such terms in the First Day Declaration or the Informational Brief.

5. The predicates for the relief requested herein are sections 156(c), 105(a), 327, 328(a), 503 and 1107 of title 11 of the United States Code (the "**Bankruptcy Code**"), rules 2014(a), 2016, 6003, and 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and rules 2014-1 and 9013-1(b) of the Bankruptcy Local Rules for the Southern District of Texas (the "**Bankruptcy Local Rules**").

**Request to Employ Kroll**

6. The Debtors request that the Court appoint Kroll as claims and noticing agent and authorize the Debtors to employ Kroll as solicitation agent in their chapter 11 cases to provide the services outlined in the Engagement Letter. The Debtors believe that Kroll's employment is in the best interest of the estates.

7. Kroll's rates are competitive and reasonable. Kroll has the expertise required in a complex chapter 11 case.

8. The Debtors request that this Court authorize Kroll's employment.

**Compensation**

9. The Debtors request that Kroll's fees and expenses be paid as administrative expenses in the ordinary course of the Debtors' business without further application or order of the Court. Kroll will provide a monthly invoice to the Debtors, Debtors' counsel, the United States Trustee for the Southern District of Texas (the "**U.S. Trustee**"), counsel for any official committee, and any party in interest who specifically requests service of the monthly invoices. Should a dispute develop, the matter will be brought to the Court for resolution. Kroll agrees to maintain records of all services showing dates, categories of services, fees charged, and expenses incurred.

10. On or about August 20, 2025, the Debtors paid Kroll an advance in the amount of $50,000 to be applied to prepetition fees. On November 17, 2025, the Debtors paid Kroll $20,000 on account of prepetition fees and expenses. Kroll seeks to replenish and continue to hold the

$50,000 advance as contemplated in the Engagement Letter during the chapter 11 cases as security for payment of fees and reimbursement of expenses incurred. Following termination of the Engagement Letter, Kroll will return to the Debtors any amount of the advance that remains following application of the advance to payment of unpaid invoices.

**Indemnification**

11. The Debtors have agreed to indemnify Kroll as set forth in the Engagement Letter. Notwithstanding anything to the contrary, Kroll will not be indemnified for liability arising out of gross negligence, willful misconduct, fraud, or certain other matters identified in the Order.

**Disinterestedness**

12. Kroll has reviewed its electronic database to determine whether it has any relationships with the Debtors. Except as disclosed in the Steele Declaration and any supplemental declaration filed by Kroll, Kroll represents that it neither holds nor represents any interest materially adverse to the Debtors' estates in connection with any matter on which it would be employed. Kroll may have relationships with certain of the Debtors' creditors or parties in interest as vendors or in connection with matters in which Kroll serves or has served in a neutral capacity, such as a claims, noticing, and solicitation agent for another chapter 11 debtor, an e-discovery services provider, a class action settlement administrator, or a qualified settlement fund manager. To the best of the Debtors' knowledge, Kroll is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code. Kroll agrees that it will file a supplemental declaration including any applicable disclosures to the Court if any facts or circumstances are discovered that would require such additional disclosure.

WHEREFORE, the Debtors respectfully request that the Court enter the Order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated: November 25, 2025
Houston, Texas

*/s/ Charles R. Koster*

**WHITE & CASE LLP**
Charles R. Koster (Texas Bar No. 24128278)
609 Main Street, Suite 2900
Houston, Texas 77002
Telephone: (713) 496-9700
Email: charles.koster@whitecase.com

- and -

**WHITE & CASE LLP**
Aaron E. Colodny (*pro hac vice* pending)
555 South Flower Street, Suite 2700
Los Angeles, California 90071
Telephone: (213) 620-7700
Email: aaron.colodny@whitecase.com

**WHITE & CASE LLP**
Thomas E Lauria (Texas Bar No. 11998025)
Michael C. Shepherd (*pro hac vice* pending)
Fan B. He (*pro hac vice* pending)
Andrea Kropp (*pro hac vice* pending)
Southeast Financial Center
200 South Biscayne Boulevard, Suite 4900
Miami, Florida 33131
Telephone: (305) 371-2700
Email: tlauria@whitecase.com
mshepherd@whitecase.com
fhe@whitecase.com
andrea.kropp@whitecase.com

- and -

**WHITE & CASE LLP**
Andrea Amulic (*pro hac vice* pending)
1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 819-8200
Email: andrea.amulic@whitecase.com

*Proposed Counsel to the Debtors and Debtors in Possession*

**Certificate of Accuracy**

I certify that the foregoing statements are true and accurate to the best of my knowledge. This statement is being made pursuant to Bankruptcy Local Rule 9013-1(i).

*/s/ Charles R. Koster*
Charles R. Koster

**Certificate of Service**

This Application is being filed *ex parte*. Service will only occur by notice on the Court's CM/ECF system.

*/s/ Charles R. Koster*
Charles R. Koster

# Exhibit 1

**Engagement Letter**




**Kroll Restructuring Administration LLC Engagement Agreement**

This Agreement is entered into as of August 20, 2025 between Kroll Restructuring Administration LLC ("***Kroll***") and PosiGen, PBC (together with its affiliates and subsidiaries, the "***Company***").[1]

In consideration of the promises set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

**1. Services**

(a) Kroll agrees to provide the Company with consulting services regarding legal noticing, claims management and reconciliation, plan solicitation, balloting, disbursements, preparation of schedules of assets and liabilities and statements of financial affairs, communications, confidential online workspaces or data rooms (publication to which shall not violate the confidentiality provisions of this Agreement) and any other services agreed upon by the parties or otherwise required by applicable law, governmental regulations or court rules or orders (all such services collectively, the "***Services***").

(b) The Company acknowledges and agrees that Kroll will often take direction from the Company's representatives, employees, agents and/or professionals (collectively, the "***Company Parties***") with respect to providing Services hereunder. The parties agree that Kroll may rely upon, and the Company agrees to be bound by, any requests, advice or information provided by the Company Parties to the same extent as if such requests, advice or information were provided by the Company.

(c) The Company agrees and understands that Kroll shall not provide the Company or any other party with legal advice.

**2. Rates, Expenses and Payment**

(a) Kroll will provide the Services on an as-needed basis and upon request or agreement of the Company, in each case in accordance with the rate structure attached hereto and incorporated by reference herein (the "***Rate Structure***"); provided, however that Kroll will provide a discount of 10% off the attached hourly rates. The Company agrees to pay for reasonable out of pocket expenses incurred by Kroll in connection with providing Services hereunder.

(b) The Rate Structure sets forth individual unit pricing for each of the Services. The Company may request separate Services or all of the Services.

(c) Kroll will bill the Company no less frequently than monthly. All invoices shall be due and payable upon receipt. Where an expense or group of expenses to be incurred is expected to exceed $10,000 (e.g., publication notice), Kroll may require advance or direct payment from the Company before the performance of Services hereunder. If any amount is unpaid as of 30 days after delivery of an invoice, the Company agrees to pay a late charge equal to 1.5% of the total amount unpaid every 30 days.

(d) In case of a good faith dispute with respect to an invoice amount, the Company shall provide a detailed written notice of such dispute to Kroll within 10 days of receipt of the invoice. The

[1] The Company shall include, to the extent applicable, the Company, as debtor and debtor in possession in any chapter 11 case, together with any affiliated debtors and debtors in possession whose chapter 11 cases are jointly administered with the Company's chapter 11 case.




undisputed portion of the invoice will remain due and payable immediately upon receipt thereof. Late charges shall not accrue on any amounts disputed in good faith.

(e) The Company shall pay any fees and expenses for Services relating to, arising out of or resulting from any error or omission made by the Company or the Company Parties.

(f) The Company shall pay or reimburse any taxes that are applicable to Services performed hereunder or that are measured by payments made hereunder and are required to be collected by Kroll or paid by Kroll to a taxing authority.

(g) Upon execution of this Agreement, the Company shall pay Kroll an advance of $50,000. Kroll may use such advance against unpaid fees and expenses hereunder. Kroll may use the advance against all prepetition fees and expenses, which advance then shall be replenished immediately by the Company to the original advance amount; thereafter, Kroll may hold such advance to apply against unpaid fees and expenses hereunder.

(h) Kroll reserves the right to make reasonable increases to the Rate Structure on an annual basis effective on the first business day of each year. If any annual increase to the hourly rates therein represents an increase greater than 10% from the previous year's levels, Kroll shall provide 30 days' notice to the Company of such increases.

**3. <u>Retention in Bankruptcy Case</u>**

(a) If the Company commences a case pursuant to title 11 of the United States Code (the "***Bankruptcy Code***"), the Company promptly shall file applications with the Bankruptcy Court to retain Kroll (i) as claims and noticing agent pursuant to 28 U.S.C. § 156(c) and (ii) as administrative advisor pursuant to section 327(a) of the Bankruptcy Code for all Services that fall outside the scope of 28 U.S.C. § 156(c). The form and substance of such applications and any order approving them shall be reasonably acceptable to Kroll.

(b) If any Company chapter 11 case converts to a case under chapter 7 of the Bankruptcy Code, Kroll will continue to be paid for Services pursuant to 28 U.S.C. § 156(c) and the terms hereunder.

**4. <u>Confidentiality</u>**

(a) The Company and Kroll agree to keep confidential all non-public records, systems, procedures, software and other information received from the other party in connection with the Services provided hereunder; provided, however, that if any such information was publicly available, already in the party's possession or known to it, independently developed, lawfully obtained from a third party or required to be disclosed by law, then a party shall bear no responsibility for publicly disclosing such information.

(b) If either party reasonably believes that it is required to disclose any confidential information pursuant to an order from a governmental authority, such party shall provide written notice to the other party promptly after receiving such order, to allow the other party sufficient time to seek any remedy available under applicable law to prevent disclosure of the information.

**5. <u>Property Rights</u>**

Kroll reserves all property rights in and to all materials, concepts, creations, inventions, works of authorship, improvements, designs, innovations, ideas, discoveries, know-how, techniques, programs, systems,



specifications, applications, processes, routines, manuals, documentation and any other information or property (collectively, "***Property***") furnished by Kroll for itself or for use by the Company hereunder. Fees and expenses paid by the Company do not vest in the Company any rights in such Property. Such Property is only being made available for the Company's use during and in connection with the Services provided by Kroll hereunder.

**6. Bank Accounts**

At the request of the Company or the Company Parties, Kroll shall be authorized to establish accounts with financial institutions in the name of and as agent for the Company to facilitate distributions pursuant to a chapter 11 plan or other transaction. To the extent that such accounts or other financial products are provided to the Company, pursuant to Kroll's agreement(s) with financial institutions, Kroll may receive fees and other compensation from such institutions.

**7. Term and Termination**

(a) This Agreement shall remain in effect until terminated by either party: (i) on 30 days' prior written notice to other party; or (ii) immediately upon written notice for Cause (as defined herein). "***Cause***" means (i) gross negligence or willful misconduct of Kroll that causes material harm to the Company's restructuring under chapter 11 of the Bankruptcy Code, (ii) the failure of the Company to pay Kroll invoices for more than 60 days from the date of invoice or (iii) the accrual of invoices or unpaid Services in excess of the retainer held by Kroll where Kroll reasonably believes it will not be paid.

(b) If this Agreement is terminated after Kroll is retained pursuant to Bankruptcy Court order, the Company promptly shall seek entry of a Bankruptcy Court order discharging Kroll of its duties under such retention, which order shall be in form and substance reasonably acceptable to Kroll.

(c) If this Agreement is terminated, the Company shall remain liable for all amounts then accrued and/or due and owing to Kroll hereunder.

(d) If this Agreement is terminated, Kroll shall coordinate with the Company and, to the extent applicable, the clerk of the Bankruptcy Court, to maintain an orderly transfer of record keeping functions, and Kroll shall provide the necessary staff, services and assistance required for such an orderly transfer. The Company agrees to pay for such Services pursuant to the Rate Structure.

**8. No Representations or Warranties**

Kroll makes no representations or warranties, express or implied, including, without limitation, any express or implied warranty of merchantability, fitness or adequacy for a particular purpose or use, quality, productiveness or capacity.

**9. Indemnification**

(a) To the fullest extent permitted by applicable law, the Company shall indemnify and hold harmless Kroll and its members, directors, officers, employees, representatives, affiliates, consultants, subcontractors and agents (collectively, the "***Indemnified Parties***") from and against any and all losses, claims, damages, judgments, liabilities and expenses, whether direct or indirect (including, without limitation, counsel fees and expenses) (collectively, "***Losses***") resulting from, arising out of or related to Kroll's performance hereunder. Without limiting the generality of the foregoing, Losses include (a) any liabilities resulting from claims by any third parties against any Indemnified Party, and (b) indemnification obligations of Kroll to its vendors.



(b) Kroll and the Company shall notify each other in writing promptly upon the assertion, threat or commencement of any claim, action, investigation or proceeding that either party becomes aware of with respect to the Services provided hereunder.

(c) The Company's indemnification of Kroll hereunder shall exclude Losses resulting from Kroll's gross negligence or willful misconduct.

(d) The Company's indemnification obligations hereunder shall survive the termination of this Agreement.

**10. Limitations of Liability**

Except as expressly provided herein, Kroll's liability to the Company for any Losses, unless due to Kroll's gross negligence or willful misconduct, shall be limited to the total amount paid by the Company for the portion of the particular work that gave rise to the alleged Loss. In no event shall Kroll's liability to the Company for any Losses arising out of this Agreement exceed the total amount actually paid to Kroll for Services provided hereunder. In no event shall Kroll be liable for any indirect, special or consequential damages (such as loss of anticipated profits or other economic loss) in connection with or arising out of the Services provided hereunder.

**11. Company Data**

(a) The Company is responsible for, and Kroll does not verify, the accuracy of the programs, data and other information it or any Company Party submits for processing to Kroll and for the output of such information, including, without limitation, with respect to preparation of statements of financial affairs and schedules of assets and liabilities (collectively, "**SOFAs and Schedules**"). Kroll bears no responsibility for the accuracy and content of SOFAs and Schedules, and the Company is deemed hereunder to have approved and reviewed all SOFAs and Schedules filed on its behalf.

(b) The Company agrees, represents and warrants to Kroll that before delivery of any information to Kroll: (i) the Company has full authority to deliver such information to Kroll; and (ii) Kroll is authorized to use such information to perform Services hereunder.

(c) Any data, storage media, programs or other materials furnished to Kroll by the Company may be retained by Kroll until the Services provided hereunder are paid in full. The Company shall remain liable for all fees and expenses incurred by Kroll under this Agreement as a result of data, storage media or other materials maintained, stored or disposed of by Kroll. Any such disposal shall be in a manner requested by or acceptable to the Company; provided that if the Company has not utilized Kroll's Services for a period of 90 days or more, Kroll may dispose of any such materials, and be reimbursed by the Company for the expense of such disposition, after giving the Company 30 days' notice; provided that undeliverable mail may be disposed of upon closing of the case without notice to the client. The Company agrees to initiate and maintain backup files that would allow the Company to regenerate or duplicate all programs, data or information provided by the Company to Kroll.

(d) If Kroll is retained pursuant to Bankruptcy Court order, disposal of any Company data, storage media or other materials shall comply with any applicable court orders and rules or clerk's office instructions.

(e) Kroll may use Company's name and logo on its website and in its promotional materials to state that Company is a customer of Kroll and its Services during and after the term of this Agreement.




**12. Non-Solicitation**

The Company agrees that neither it nor any of its subsidiaries or affiliates shall directly or indirectly solicit for employment, employ or otherwise retain as employees, consultants or otherwise, any employees of Kroll during the term of this Agreement and for a period of 12 months after termination thereof unless Kroll provides prior written consent to such solicitation or retention.

**13. Force Majeure**

Whenever performance by Kroll of any of its obligations hereunder is materially prevented or impacted by reason of any act of God, government requirement, strike, lock-out or other industrial or transportation disturbance, fire, flood, epidemic, lack of materials, law, regulation or ordinance, act of terrorism, war or war condition, or by reason of any other matter beyond Kroll's reasonable control, then such performance shall be excused, and this Agreement shall be deemed suspended during the continuation of such prevention and for a reasonable time thereafter.

**14. Choice of Law**

The validity, enforceability and performance of this Agreement shall be governed by and construed in accordance with the laws of the State of New York.

**15. Arbitration**

Any dispute arising out of or relating to this Agreement or the breach thereof shall be finally resolved by arbitration administered by the American Arbitration Association under its Commercial Arbitration Rules, and judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction. There shall be three arbitrators named in accordance with such rules. The arbitration shall be conducted in the English language in New York, New York in accordance with the United States Arbitration Act.

**16. Integration; Severability; Modifications; Assignment**

(a) Each party acknowledges that it has read this Agreement, understands it and agrees to be bound by its terms and further agrees that it is the complete and exclusive statement of the agreement between the parties, which supersedes and merges all prior proposals, understandings, agreements and communications between the parties relating to the subject matter hereof.

(b) If any provision of this Agreement shall be held to be invalid, illegal or unenforceable, the validity, legality and enforceability of the remaining provisions shall in no way be affected or impaired thereby.

(c) This Agreement may be modified only by a writing duly executed by an authorized representative of the Company and an officer of Kroll.

(d) This Agreement and the rights and duties hereunder shall not be assignable by the parties hereto except upon written consent of the other; provided, however, that Kroll may assign this Agreement to a wholly-owned subsidiary or affiliate without the Company's consent.

**17. Effectiveness of Counterparts**

This Agreement may be executed in two or more counterparts, each of which will be deemed an original, but all of which shall constitute one and the same agreement. This Agreement will become effective when one or more counterparts have been signed by each of the parties and delivered to the other party, which delivery may be made by exchange of copies of the signature page by fax or email.



**18. Notices**

All notices and requests in connection with this Agreement shall be sufficiently given or made if given or made in writing via hand delivery, overnight courier, U.S. Mail (postage prepaid) or email, and addressed as follows:

If to Kroll:
Kroll Restructuring Administration LLC
1 World Trade Center, 31st Floor
New York, NY 10007
Attn: Legal Department
Tel: 212-257-5450
Email: Legal@kbs.kroll.com

If to the Company:
PosiGen, PBC
145 James Drive East, Third Floor
St. Rose, Louisiana, 70087
Attn: Sarah Wells, CFO
Tel: (281)935-7325
Email: swells@posigen.com

With a copy to:
White & Case LLP
609 Main Street, Suite 2900
Houston, TX 77002
Attn: Charles R. Koster
Tel: 212-819-7845
Email: ckoster@whitecase.com

*[Signature page follows]*




IN WITNESS WHEREOF, the parties hereto have executed this Agreement effective as of the date first above written.

**Kroll Restructuring Administration LLC**

By: Christina Pullo
Title: Managing Director

**POSIGEN, PBC**

Signed by:
Sarah Wells
8626528B6D334F1...

By: Sarah Wells
Title: Chief Financial Officer

**Exhibit 2**

**Steele Declaration**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| POSIGEN, PBC, *et al.*,[1] | ) | Case No. 25-90787 (ARP) |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | (Emergency Hearing Requested) |

**DECLARATION OF BENJAMIN J. STEELE IN SUPPORT OF DEBTORS' EMERGENCY *EX PARTE* APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF KROLL RESTRUCTURING ADMINISTRATION LLC AS CLAIMS, NOTICING, AND SOLICITATION AGENT**

I, Benjamin J. Steele, under penalty of perjury, declare as follows:

1. I am a Managing Director at Kroll Restructuring Administration LLC ("**Kroll**"), a chapter 11 administrative services firm whose headquarters are located at 1 World Trade Center, 31st Floor, New York, NY 1007. Except as otherwise noted in this declaration (this "**Declaration**"), I have personal knowledge of the matters set forth herein and, if called and sworn as a witness, I could and would testify competently as follows.

2. I submit this Declaration in support of the *Debtors' Emergency Ex Parte Application for Entry of an Order Authorizing the Employment and Retention of Kroll Restructuring Administration LLC as Claims, Noticing, and Solicitation Agent*, filed contemporaneously herewith (the "**Application**").[2]

[1] The last four digits of PosiGen, PBC's tax identification number are 9706. A complete list of each of the Debtors in these chapter 11 cases and the last four digits of their federal tax identification numbers may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.ra.kroll.com/PosiGen. The Debtors' service address in these chapter 11 cases is 1000 Elmwood Park Boulevard, Suite A, Harahan, LA 70123.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

3. On or about August 20, 2025, the Debtors paid Kroll an advance in the amount of $50,000 to be applied to prepetition fees. On November 17, 2025, the Debtors paid Kroll $20,000 on account of prepetition fees and expenses. Kroll seeks to replenish and continue to hold the $50,000 advance as contemplated in the Engagement Letter during the chapter 11 cases as security for payment of fees and reimbursement of expenses incurred. Following termination of the Engagement Letter, Kroll will return to the Debtors any amount of the advance that remains following application of the advance to payment of unpaid invoices.

4. Kroll represents the following:

(a) Kroll, its members, and its employees are not and were not, within two years before the date of the filing of these chapter 11 cases, creditors, equity security holders, insiders, or employees of the Debtors;

(b) Kroll will not consider itself employed by the United States government and shall not seek any compensation from the United States government in its capacity as the claims, noticing and solicitation agent in these chapter 11 cases;

(c) By accepting employment in these chapter 11 cases, Kroll waives any rights to receive compensation from the United States government in connection with these chapter 11 cases;

(d) In its capacity as the claims, noticing and solicitation agent in these chapter 11 cases, Kroll will not be an agent of the United States and will not act on behalf of the United States;

(e) Kroll will not employ any past or present employees of the Debtors in connection with its work as the claims, noticing and solicitation agent in these chapter 11 cases;

(f) Kroll is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code with respect to the matters upon which it is engaged;

(g) In its capacity as claims, noticing and solicitation agent in these chapter 11 cases, Kroll will not intentionally misrepresent any fact to any person;

(h) Kroll shall be under the supervision and control of the Clerk of the Bankruptcy Court for the Southern District of Texas (the "**Clerk**") with respect to the receipt and recordation of claims and claim transfers;

(i) Kroll will comply with all requests of the Clerk and the guidelines promulgated by the Judicial Conference of the United States for the implementation of 28 U.S.C. § 156(c); and

(j) None of the services provided by Kroll as claims, noticing and solicitation agent in these chapter 11 cases shall be at the expense of the Clerk.

5. I caused to be submitted for review by our conflicts system the names of potential parties in interest (the "**Potential Parties in Interest**") in these chapter 11 cases, attached hereto as Schedule 1. We also have considered publicly available information identifying (a) attorneys and employees for the U.S. Trustee's office and (b) bankruptcy judges for the United States Bankruptcy Court for the District of the Southern District of Texas. The results of the conflict check were compiled and reviewed by Kroll's professionals under my supervision. Kroll is not aware of any connection that would present a disqualifying conflict of interest. Should Kroll discover any new relevant facts or connections bearing on the matters described herein during the period of its retention, Kroll will use reasonable efforts to promptly file a supplemental declaration.

6. To the best of my present knowledge, neither Kroll, nor any of its professionals, has any materially adverse connection to the Debtors, their creditors, or other relevant parties. Kroll may have relationships with certain of the Debtors' creditors as vendors or in connection with cases in which Kroll serves or has served in a neutral capacity as claims and noticing agent and/or administrative advisor for another chapter 11 debtor.

7. In addition, Kroll discloses the following connections, each of which Kroll believes does not present an interest adverse to the Debtors:

(a) I was previously an associate at Kirkland & Ellis LLP ("**K&E**"), a creditor of the Debtors. I left K&E in August 2013. I did not work on any matters involving the Debtors while employed by K&E.

(b) I understand that K&E has represented and currently represents Kroll in matters unrelated to the Debtors and these chapter 11 cases. Kroll also acts as a technology services vendor to K&E in connection with matters unrelated to these chapter 11

cases. I do not believe that these connections preclude Kroll from meeting the disinterestedness standard under the Bankruptcy Code.

(c) Stacey Corr-Irvine, a Director at Kroll, was formally an associate at A&O Shearman (formerly Shearman & Sterling LLP ("**Shearman**")), a creditor of the Debtors and one of the Lenders' professionals. Ms. Corr-Irvine left Shearman in 2015. Ms. Corr-Irvine did not work on any matters involving the Debtors during her time at Shearman.

(d) Albert Alonzo is a Vice President at Kroll. Mr. Alonzo was formerly a case manger for this Court, prior to joining Kroll in November 2023.

(e) A consultant at Kroll is the son of a Director at Alvarez and Marsal, one of the Lenders' professionals. The Director at Alvarez & Marsal does not work on restructuring matters.

(f) Kroll is an indirect subsidiary of Kroll, LLC ("**Kroll Parent**"). Kroll Parent is the world's premier provider of services and digital products related to governance, risk and transparency. I understand that Kroll Parent previously provided certain prepetition valuation services in connection with an audit of the Debtors. Upon information and belief, Kroll Parent is a creditor in these chapter 11 cases, holding outstanding prepetition invoices in the amount of $60,375.00. Within the Kroll Parent corporate structure, Kroll operates independently from Kroll Parent. As such, any relationships that Kroll Parent and its affiliates maintain do not create an interest of Kroll's that is materially adverse to the Debtors' estates or any class of creditors or security holders. Kroll makes this disclosure out of an abundance of caution.

(g) Kroll further declares that Kroll does not now have nor has it ever had any contract or agreement with XClaim Inc. or with any other party under which Kroll provides, provided, or will provide exclusive access to claims data or under which Kroll would be compensated for claims data made available by Kroll.

8. Based on the foregoing, I believe that Kroll is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code. Should Kroll discover any new relevant facts or connections bearing on the matters described herein during the period of its retention, Kroll will use reasonable efforts to promptly file a supplemental declaration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my information, knowledge, and belief.

Dated: November 25, 2025

*/s/ Benjamin J. Steele*
Benjamin J. Steele
Managing Director
Kroll Restructuring Administration LLC
1 World Trade Center, 31st Floor
New York, New York 10017

Schedule 1

Potential Parties in Interest List

100 Great Meadow Associates LLC
100 Great Meadow Road Associates, LLC
1000 EPB LLC
2040 Foundation, Inc.
2Oceans Energy LLC
360 Degree Cloud Technologies
3DEGREES Group Inc.
720 N Post Oak, LLC
720 Post Oak, LLC
7-9-11 Eves, LLC
98 Mill Plain Road, LLC
98 Mill Plain Road, LLC
A&O Shearman
AAA Mass Turnpike Warehouse Corp.
Acadia Parish
ACP II Executive, LP
ACP II Executive, LP
ACT Commodities Inc.
Action Collection Services / Tforce Freight
Activate Capital Partners II, LP
Adam Daley
"Administratively Determined Incentive (ADI) Program
New Jersey's Clean Energy Program
c/o TRC"
Adnet LLC
ADP
Advanced Solar (Evolution Solar)
Advanced Solar (Evoution Solar)
Albus
Albus Underwriting
Alethea Caluza
Alex Ruperto
Alfredo R. Pérez
Alicia Barcomb
Alina Samko-Yu
All American Waste
All Season Solar, LLC
Alvarez & Marsal
Amalgamated Bank
AmeriGas
Amy Brakeman Investment Trust
Andrew Jimenez
Anup Jacob
Aon Risk Solutions
Aquera, Inc.
Ascension Parish Building Department
Ascension Parish, LA
AskSolar
Assumption Parish Sheriff's Office
At-Bay Specialty Insurance Company
Aurora Solar, Inc
Aurora Solar, Inc.
Aviva
Avoyelles Parish Police Jury, Permit Department
Avvio Services, LLC
BaileyWorks, Inc
Bangarang Ventures, LLC
Bank of America, N.A.
Barun Corp
Baton Rouge City of Parish of East Baton, LA
BEACON-QXO
Ben Healey
Benjamin Healey
Bernhard Ebner
Bianca Passarelli
BID Administrator
BID Administrator, LLC (an affiliate of Brookfield Asset Management)
Big Wave Roofing and Solar LLC
Big Wave Roofing and Solar, LLC
BII BID Solar Aggregator LP
Bishara Law
Blue Ink
BMS Group
BOIV EWING, LLC
Borough of Pottstown Borough Hall
Boxer Property
Brandy Mulherin
Brian Soares

Bridgeport Tax Collector's Office
Brilliant Installations Inc.
Brooklyn SolarWorks, LLC
Bsuiness Consumer Alliance / Lois Johnson
Builders Fund II LP
Builders PSGN LLC
C. Dan Black
C.H. Robinson Company, Inc
Cablevision Lightpath LLC
Calcasieu Parish
California Department of Tax and Fee Administration
California Franchise Tax Board
Callais Capital AG, LP
Callais Capital Income, L.P.
Capgemini America Inc
Capital Corporate Services
Capital Corporate Services / Elaine DeAngelo
CBM Services LLC
CCM Generate, LLC
CED Greentech Pensacola
Ceniarth Wales Interest, LP
Centurion Solar Energy, LLC
CFC Underwriting Limited
CH Robinson Worldwide, Inc.
Christopher M Lopez
Christopher M. Lopez
Christopher R. Travis
Christy Simmons
Chubb
City of Baker Inspection Department
City of Baker, LA
City of Bogalusa
City of Byram
City of Byram, MS
City of Canton, MS
City of Central, LA
City of Clinton, MS
City of Denham Springs, LA
City of Franklin Office of Zoning Permits, and Inspections
City of Gonzales, LA
City of Gulfport, LA
City of Hammond Tax Department
City of Horn Lake, MS
City of Kenner Department of Inspections
City of Lake Charles Permit Office
City of Lake Charles, LA
City of Mendenhall, MS
City of Minden Building/Inspection
City of New Iberia Permit and Inspection Department
City of Opelousas Code Enforcement Office
City of Pearl, MS
City of Richland, MS
City of Ridgeland, MS
City of Sulphur License Department
City of Sulphur, LA
City of Thibodaux Tax and License Department
City of Thibodaux, LA
City of Trenton, NJ
City of Ville Platte
City of Walker
City of Walker, LA
City of Westlake, LA
City of Zachary
City of Zachary, LA
Clean Solar Energy, Inc.
ClearPath Foundation, Inc.
Clements, Shirlynn
CohnReznick LLP
Collector of Wethersfield
Comcast
Commercial Collection Consultants, Inc. / Beacon Roofing
ComputerShare Ltd.
Computershare Trust Company, National Association
Connecticut Consumer Protection
Connecticut Consumer Protection / Alec Ogborne
Connecticut Consumer Protection / Micaela Orpheus
Connecticut Consumer Protection / Paul Cayer
Connecticut Department of Revenue Services
Connecticut Green Bank
Connecticut Green Bank (duplicate)
Connector Park Equity Partners, LLC

Connector Park Equity Partners, LLC ("Landlord")
Consolidated Electrical Distributors, Inc. d/b/a CED Greentech
Constellation Energy Generation LLC
Constellation New Energy, Inc.
Constitution BSD LLC
Contractor Registration and Licensing Board
Corelogic Credco LLC
County of Rankin, MS
COX
Craig Rohr
Crawford's A/C & Heat, LLC
Crocker Consulting LLC
Crocker Consulting, Inc. d/b/a Omega Energy, LLC
Cromwell Tax Collector’s Office
Crown Financial
Crown Financial, LLC
Crum & Forster Indemnity
Crum & Forster Indemnity Company
Crux Climate, LLC
CT Weatherproof Insulation LLC
D.C Green Bank
Dataplatr Corp
Dataplatr Corp.
David Landin
DC Green Bank
DC Green Bank / Green Finance Authority
DC Green Finance Authority
DC Office of Tax and Revenue
Dedria Ladwayne Sly Growe
Define Solar
Define Solar LLC
Delaware Division of Revenue
Department of Consumer Affairs
Department of Consumer Protection
Department of Labor and Training
DFO Private Investments, L.P.
Do Solar LLC
Dolphin Builders LP
Douglas Tutt
Eagleview
Earthlight Technologies
East West Bank
ECI 2020-2021 LLC
ECI 2022-2023 LLC
ECI 2024-2025 LLC
ECI 2024-2025 LLC (duplicate)
Eduardo V. Rodriguez
Efficient Electrical Solutions, LLC
Elda River Energy Opportunities Fund III LLC
Elda River Opportunities Fund III LLC
Elda River Opportunities Fund III LLC (duplicate)
Elda River Opportunities IV Special Holdings A LLC
Elda River Opportunities IV Special Holdings B LLC
Elda River Opportunities IV Special Holdings B LLC (duplicate)
Emerson Collective Investments, LLC
Empower Solar
EMT Renewables
EMT Renewables, LLC d.b.a EMT Solar and Roofing
EMT Renewables, LLC D/B/A Emit Solar and Roofing
Energize Us LLC
Energybillcruncher.com
Enterprise Fleet Management
Enterprise FM Trust
Evanston Insurance Company
Everlast Energy
Eversource Energy
Exelon Generation Company LLC
Falvey Cargo
Falvey Insurance Group
Federal Insurance Company
FGS Global LLC
Finch Energy Services LLC
First Horizon Bank
First Insurance Funding 6305
First Insurance Funding Corp.
Five9, Inc.
Florida Department of Revenue
Fly Guys
FlyGuys, Inc.
Former PosiGen Employees
FTI Consulting, Inc.
GAF Energy

GAF Energy LLC
Gateway Properties, LLC
Gcube
Gcube Insurance Services
GCube Insurance Services, Inc.
GenSun Solar
George L Dempsey, PhD, PC dba Corporate Psychology Inc
Geotab USA, Inc.
Gkilduff Limited Partnership
Glenn Otto
Go Premier Solar
Gospel Assembly
Great American E&S I-nsurance Company
Green Brilliance
Greenscape
GreenWatt Consulting
Gulf States Renewable Energy Ind. Assoc.
Gwen Smith
Ha Nguyen
Hector Duran
Helio Solar LLC
Helios Power, LLC
Home Safe Home Inc.
Hytech
Iberville Parish
Identify Security, Inc
Imperium Solar
Indeed, Inc
Infinity Energy
Intacct
Integrity Solar
Integrity Solar and Home Solutions
Integrity Solar and Home Solutions
Integrity Solar and Home Solutions, LLC
Intent Drivers, Inc.
Interiano-Hubbard, Inc.
Internal Revenue Service
Ion Solar Pros
Ion Solar Pros LLC
Ironclad, Inc.
Ironshore Insurance Company
Ironshore Specialty Insurance Company
IROP Loan Aggregator, LP
Ivette Gerhard
J&S Industries
Jana Whitworth
Jarred Jasmine
Jason Lee Sweeton
Jayson B. Ruff
JD Consulting
Jefferson Parish Sheriff's Office
Jeffrey P. Norman
Jenna Young
Joanne Sprague
John Reeve
John Truschinger
Joshua Storrusten
JSHC LLC (Jane Street)
Julian Adenihun
K D Home Builders, LLC
K&X Services, LLC
Kamtech Restoration
Karim Hemani
Katia Lafontant
KD Homes Builder LLC
Keanta Carter
Kemisoft Group Ltd.
Kevin Singh
KeyBank National Association
Kirkland & Ellis LLP
Kongsberg Maritime, Inc.
Kroll LLC
Kroll Restructuring Administration
Kyle Wallace
Lafayette Square Holding Company, LLC
Laquan Smith
Lauren Williams-Elstein
Lead Genesis
Leadspedia Inc
Legacy Risk and Insurance Services, LLC
Legalist, Inc.
Leidos Engineering, LLC
Lendilio LLC
Leon Weingrad
Leonard Grzegowski
Lifestyle Energy Financial, LLC
Lifestyle Solar
Lightskye Energy
Linda Motton
List Government Receivables Fund, LLC
Lloyds of London

Lloyds of London
Louisiana Department of Revenue
Lucas Dickerson
Luci Johnson-Davis
Lumina Solar
Lumina Solar, Inc.
Lynn Langston
M&T
M&T Bank
M&T Community & Environmental Development LLC
Maantic Inc
Magnetar Led Investor Group
Maier Solar Engineering dba Solar Me
Mark Bruinooge
Marvin Isgur
Marvin J. Isgur
Maryland Department of Assessments & Taxation
Maryland Revenue Administration Division
Massachusetts Department of Revenue
MassMutal Ascen Life Insurance Company
Metiss.AI
MFB Realty
MFB Realty LLC
Microsourcing International Ltd
Milbank LLP
Millie Aponte Sall
Mississippi Department of Revenue
Mississippi State Board Of Contractors
Mitchell
Mizzen Capital, LP
Molly Hafter
Monday.com LTD
Montville Tax Collector's Office
Mosaic Sustainable Finance Corporation
Mountain View Solar
MTP Climate Infrastructure Special Holdings B LLC
MTP Energy Opportunities Fund III LLC
MTP Opportunities IV Special Holdings A LLC
MTP Opportunities IV Special Holdings B LLC
Municipality of Norristown
Murillo Construction LLC
Mutlu (Mark) Sefer
Naren Yendluri
Natalie Prater
NDTCO as custodian FBO Mark Loch IRA
NEEECO
New Jersey Division of Taxation
New London Tax Collector's Office
New Wave Staffing Group, LLC
New York Department of Taxation and Finance
Newark Municipal Court
NXL AI LLC
NY State Solar
NY State Solar-EE
NYS Essential Power
NYSS, LLC
Office of Consumer Affairs and Business Regulation
Office of Professional Licensure and Certification
Office of the Attorney General
Onsite Energy Inc
Ored Services LLC
Orleans Parish
Orrick, Herrington & Sutcliffe LLP
Oseola McCarty Youth Development Center ("OMYDC")
Panel Masters of NJ
Parish of Livingston Building and Permits
Parish of Plaquemines Permits Department
Parish of St. Bernard Department of Community Development
Parish of St. Charles Sherriff's Office
Parish of Tangipahoa Permit Office
Parish of Washington Department of Building and Permitting
Parish of West Baton Rouge
Patriot Energy Solutions
Paul, Weiss, Rifkind, Wharton & Garrison
Pennsylvania Department of Revenue
PermitFlow Inc
Peter Shaper
Petunia LLC
Philadelphia Dept. of Licenses and Inspections
Phoenix Solar Group

Plymouth Township
PMG Leasing
Polk County Tax Collector's Office
PosiGen Backleverage Holdco, LLC
PosiGen Backleverage, LLC
PosiGen Bienville Manager, LLC
PosiGen Bienville Project Company, LLC
PosiGen CT, LLC
PosiGen CT, LLC
PosiGen Decatur 2 Project Company, LLC
PosiGen Decatur Manager, LLC
PosiGen Decatur Project Company, LLC
PosiGen Developer, LLC
PosiGen Holdings, LLC
PosiGen Marengo Manager, LLC
PosiGen Marengo Project Company, LLC
PosiGen MS, LLC
PosiGen NJ, LLC
PosiGen of Illinois, LLC
PosiGen of Louisiana, LLC
PosiGen of Missouri, LLC
PosiGen of Pennsylvania, LLC
PosiGen Operations, LLC
PosiGen Owner 2, LLC
PosiGen Owner 3, LLC
PosiGen Owner, LLC
PosiGen Provider, LLC
PosiGen Rampart Holdco, LLC
PosiGen Rampart, LLC
Posigen, LLC
PosiGen, PBC fk/a PosiGen, Inc.
Power Energy Solutions
Power Energy Solutions
Power It Electric LLC
Powerlutions
Powerlutions Solar
Prad Nadakuduty
Progressive Waste - Central
Purpose Venture Advisors, LLC
PV O&M Services LLC
PX, Inc.
Quinstreet Incorporated
QuinStreet, Inc.
Rachel Kane
Ray Batholomay
Reliable Power Services
Reliable Power Services Inc. dba Reliable Power & Solar
Revolution Solar
RGR
Rhode Island and Providence Plantations
Rhode Island Division of Taxation
Rhode Island Energy
Rhythm Solar LLC
Riyuved Private Limited
ROI Construction
Rome, Smith, Kowalski
Ron Long
Ronald Smith
Rooftop Power
Rooftop Solar I Manager, LLC
Rooftop Solar I, LLC
Rooftop Solar II, LLC
Rooftop Solar III, LLC
Rooftop Solar IV, LLC
Rooftop Solar V, LLC
Royal & Ross, LP
RSUI Indemnity Co.
RSUI Indmnity Co.
RSUI Indmnity Company
Rusty Pipes, LLC
Sage Software Inc
Samantha Chilton
Sandra Reid
Sarah Wells
Savkat Inc
Savkat, Inc.
Scott Coffman
Sean McPherson
SEG Solar Inc.
Shearman & Sterling LLP
Sibtex Consulting LLC
Sitetracker Inc
Sitetracker, Inc.
SJF Ventures
SJF Ventures IV A, LP
SJF Ventures IV, LP
SJF Ventures V A, LP
SJF Ventures V, LP
Skelly McCay
Skyline Solar
Sogeti USA (CapeMini)

Sogeti USA (CapGemini)
Solar Global
Solar Holler
Solar Me
Solar Mite Solutions
Solar One INC
Solar Pro
Solar Solution DC
Solar Solutions, DC
SolarEdge
SolarEdge Technologies Inc
Solaredge Technologies Inc.
Solaredge Technologies, Inc.
Southaven, MS
Spark Investment Partners LLC
Spark Investment Partners LLC (duplicate)
SPARK INVESTMENT PARTNERS, LLC
Spectrum Business
SRS Distribution
St. Bernard Parish
St. Bernard Parish Sheriff's Office
St. Charles Parish
St. Charles Parish Sheriff's Office
St. Mary Parish
State Board of Contractors
State of New Jersey
Stericycle, Inc.
Steven Burt
Stonehedge Community Impact Fund LP
Stonehenge Community Impact Fund, LP
Strategic Solar Solutions
Strategic Solar Solutions, LLC (Factored2CFP)
Suited Connector, LLC (Plateau Data Services)
Sun Up Zero Down
Sun Up Zero Down LLC
Suncovia
SunnyMac LLC
SunnyMac, LLC
Sunpurity
Sunpurity LLC
Sunpurity, LLC
SunRite Solar
Sunsavers Energy
SunSavers Energy, LLC
Sunvoy, Inc
Surf Clean Energy
Sustainable Energy Systems
Sylvia Semper
Synebo LLC
Synergy
Team Sunshine
The Builders Fund LP
The Growth Studio LLC
THE KRESGE FOUNDATION
The Kresge Foundation
The Libra Foundation
The McKnight Foundation
Thomas Neyhart
Thomas Plagemann
Thumbprint, INC
Tokio Marine Specialty Insurance Co.
Town of Jean Lafitte
Town of Montville Tax Collector
Township of Abington
Township of Cheltenham Permit Department
Township of Darby License and Inspections
Township of Haverford
Township of Livingston Fire Prevention Bureau
Township of Uwchlan Building Department
Transfer Enterprises, Inc
Trash Bros LLC
TRC Companies, New Jersey's Clean Energy Program (NJCEP)
Tri Source International, LLC
Tripp Baird
TriState Scrap Metal
Troutman Pepper Locke LLP
Tyrone Woods Solar & Electrical Soluons
Ubuntu Holdings LLC
United Healthcare
United States Fire Insurance
United States Fire Insurance Company
Uprise Electric
Velocity Ventures
Venture Home Solar, LLC
Venture Solar
Vianey Garza
Vibrant Green

Vision Ridge Partners, LLC
VV241 LLC
WageWorks
Waste Connections -Elmwood
Waste Management - NJ
WDC Solar
Wegmann Dazet, APC
West Mount Pleasant Associates
West Mount Pleasant Associates
West Virginia Tax Division
Westchester Fire Insurance Co.
Westchester Fire Insurance Company
White & Case LLP
Whitman Construction
Whitman Construction, LLC
Wilson Sonsini Goodrich & Rosati
WS Investment Company, LLC (2018A)
WS Investment Company, LLC (21A)
WS Investment Company, LLC (23A)
WS Investment Company, LLC (24A)
Wyssling Consulting
Yanet Santana
Yasmine Rivera
Zarate Marketing LLC
Zurich American Ins. Company
Zurich American Insurance Company