**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| PosiGen, PBC, *et al.*, | ) | |
| | ) | Case No. 25-90787 (CML) |
| Debtors.[1] | ) | |
| | ) | (Jointly Administered) |
| | ) | |

**EMERGENCY MOTION OF POSIGEN DECATUR PROJECT COMPANY, LLC
AND POSIGEN DECATUR 2 PROJECT COMPANY, LLC AND POSIGEN
BIENVILLE PROJECT COMPANY, LLC, FOR ENTRY OF AN ORDER
AUTHORIZING THE FILING OF EXHIBITS UNDER SEAL IN CONNECTION
WITH THE HEARING SCHEDULED FOR DECEMBER 22, 2025**

> **Emergency relief has been requested. Relief is requested not later than December 22, 2025 at 2:00 p.m. (prevailing Central Time).**
>
> **If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

PosiGen Decatur Project Company, LLC ("Decatur 1") and PosiGen Decatur 2 Project Company, LLC ("Decatur 2"), and PosiGen Bienville Project Company, LLC, ("Bienville," and together with Decatur 1 and Decatur 2, the "Partnerships"), by and through Sunstrong Management LLC ("SunStrong"), respectfully file this emergency motion to seal certain exhibits in connection with the hearing scheduled for December 22, 2025 at 2:00 p.m. (as defined below) (this "Motion to Seal") and respectfully state as follows:

---

[1] The last four digits of PosiGen, PBC's tax identification number are 9706. A complete list of each of the Debtors in these chapter 11 cases and the last four digits of their federal tax identification numbers may be obtained on the website of the Debtors' proposed claims and noticing agent at https://cases.ra.kroll.com/PosiGen. The Debtors' service address in these chapter 11 cases is 1000 Elmwood Park Boulevard, Suite A, Harahan, LA 70123.

**RELIEF REQUESTED**

1.      The Partnerships seek entry of an order, substantially in the form attached hereto, authorizing the Partnerships to file certain exhibits under seal in connection with the hearing scheduled for December 22, 2025 at 2:00 p.m. (the "Hearing").  The exhibits include: (a) the Bienville Limited Liability Company Agreement, the Notice of Appointment of SunStrong as Managing Member, the Bienville EPC Agreement, related bills of sale and assignments, and the Service Agreement; and (b) the Decatur 1 Limited Liability Company Agreement, the Decatur 2 Limited Liability Company Agreement, the Notices of Appointment of Managing Member, the Decatur EPC Agreements, related bills of sale and assignments, and the Service Agreements (collectively, the "Exhibits").  The Exhibits contain sensitive, confidential commercial information (the "Confidential Information").

**JURISDICTION, AUTHORITY, AND VENUE**

1.      This Court has jurisdiction over this Motion to Seal pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).  The venue of the Debtors' cases in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This Court has constitutional authority to enter final orders with respect to the relief requested herein.

2.      The Partnerships confirms their consent to this Court's entry of final orders or judgments on this Motion to Seal if it is later determined that, in the absence of the consent of the parties, this Court does not have constitutional authority to enter final orders or judgments.

3.      The statutory predicates for the relief requested herein are sections 105(a) and 107(b) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rules 9037-1 and 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules"), and the Procedures for Complex Cases in the Southern District of Texas (the "Complex Rules").

2

**BACKGROUND**

4.     On November 24, 2025 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

5.     Additional information regarding the Debtors' businesses and operations, capital structure, and the events leading to the commencement of these cases can be found in the *Debtors' Informational Brief* [Dkt. No. 11].

On November 25, 2025, the Debtors filed their *Emergency Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Continue to Operate Their Existing Cash Management System, (B) Maintaining Existing Bank Accounts, Business Forms, and Books and Records, (C) Pay Related Prepetition Obligations, (D) Maintain Fuel Card Program, and (E) Continue Intercompany Transactions; (II) Granting Administrative Expense Status to Intercompany Claims Among the Debtors; and (III) Granting Related Relief* [Dkt. No. 5] (the "Cash Management Motion").and  an *Emergency Motion for Entry of Orders (I) Authorizing the Debtors to (A) Pay Prepetition Wages, Other Compensation, Reimbursable Expenses, and Certain Severance Obligations and (B) Continue Employee Benefits Programs, (II) Authorizing and Approving the Debtors' Non-Insider Key Employee Retention Plan, (III) Authorizing and Approving the Debtors' Key Employee Incentive Plan for Certain Officers, and (IV) Granting Related Relief* [Dkt. No. 6] (the "KERP/KEIP Motion").

6.     On December 6, 2025, the Debtors filed their *Emergency Motion for Entry of an Order (i) Setting Bar Dates for Filing Proofs of Claim, Including Requests for Payment Under Section 503(b)(9), (ii) Establishing Amended Schedules Bar Date and Rejection Damages Bar Date, (iii) Approving the Form and Manner for Filing Proofs of Claim, Including Section 503(b)(9) Requests, (iv) Approving Notice of Bar Dates, and (v) Granting Related Relief* [Dkt. No.

3

97] (the "Bar Date Motion").  And finally, on December 12, 2025, the Debtors filed their *Emergency Motion for Entry of an Order (i) Conditionally Approving the Disclosure Statement; (ii) Approving the Solicitation and Notice Procedures; (iii) Approving the Form of Ballots and Notices; (iv) Approving Certain Dates and Deadlines in Connection with the Solicitation and Confirmation of the Plan; (v) Scheduling a Combined Hearing on (a) Final Approval of the Disclosure Statement and (b) Confirmation of a Plan; and (vi) Granting Related Relief* [Dkt. No. 185] (the "Disclosure Statement Motion").

7.    On December 12, 2025, Decatur 1 and Decatur 2 filed their objection to the Cash Management Motion [Dkt. No. 172] (the "Decatur Cash Management Objection").  On the same day, Bienville also filed its objection to the Cash Management Motion [Dkt. No. 173] (the "Bienville Cash Management Objection," and together with the Decatur Cash Management Objection, the "Cash Management Objections").  In connection with the Cash Management Objections, the Partnerships sought to file certain exhibits under seal because those exhibits contain the Confidential Information.  *See* Dkt. Nos. 173 and 174.  Accordingly, the Partnerships filed motions to seal exhibits in connection with their Objections.  *See* Dkt. Nos. 177 and 178 (collectively, the "Motions to Seal").[2]

8.    On December 16, 2025, the Partnerships filed their omnibus objections to the KERP/KEIP Motion, Bar Date Motion, and Disclosure Statement Motion.  *See* Dkt. Nos. 193 & 194 (the "Omnibus Objections," and together with the Cash Management Objections, the "Objections").

9.

---

[2] The Partnerships hereby incorporate the Motions to Seal and the Objections by reference.

10. The Cash Management Motion, KERP/KEIP Motion, and Bar Date Motion are set to be heard at the Hearing on December 22, 2025.

11. The Partnerships now seek to file the Exhibits[3] under seal on their witness and exhibit list as evidentiary support for their Objections which will be addressed at the Hearing.

12. As fully described in the Motions to Seal, the Exhibits that Partnerships seek to file under seal include: (a) governance documents for the Bienville Partnership, including the Bienville Limited Liability Company Agreement and the Notice of Appointment of SunStrong as Managing Member; (b) transaction documents reflecting the sale, structure, and ownership of the Bienville Projects, including the Bienville EPC Agreement and related bills of sale and assignments; and (c) the Service Agreement between the Bienville Partnership and PosiGen Provider, LLC. The Exhibits also include: (a) governance documents for the Decatur Partnerships, including the Decatur 1 Limited Liability Company Agreement, the Decatur 2 Limited Liability Company Agreement, and the Notices of Appointment of Managing Member; (b) transaction documents reflecting the sale and ownership structure of the Decatur Projects, including the Decatur EPC Agreements and related bills of sale and assignments; and (c) the Service Agreements between the Decatur Partnerships and PosiGen Provider, LLC.

13. The Exhibits contain sensitive, confidential commercial information, including proprietary financial terms, partnership governance provisions, and project-level ownership and servicing structures. Disclosure of this information could harm the Partnerships and their contractual counterparties.

14. Accordingly, the Partnership respectfully request authority to file the Exhibits under seal.

---

[3] The Exhibits that the Partnerships now seek to file under seal are the same exhibits that were previously filed under seal in connection with the Cash Management Objections.

**BASIS FOR RELIEF**

15.     Section 105(a) of the Bankruptcy Code codifies the inherent equitable powers of the bankruptcy court and empowers the bankruptcy court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

16.     Section 107(b) further provides bankruptcy courts with the power to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information. *See In re Gen. Homes Corp.*, 181 B.R. 898, 903 (Bankr. S.D. Tex. 1995) ("The court has authority to seal court records, in order to protect trade secrets or confidential research, development, or confidential information, or to protect a person with regard to a scandalous or defamatory matter."); *In re 50-Off Stores, Inc.*, 213 B.R. 646, 655-56 (Bankr. W.D. Tex. 1997) ("The statute, on its face, states that the bankruptcy court *is required* to protect such an entity on request of a party in interest.") (emphasis in original). Although section 107(b) is an exception to the general rule, its application in a bankruptcy proceeding is appropriate.  *See id.* at 654 ("[T]he very existence of the exception demonstrates Congress' anticipation that the administration of bankruptcy cases might, by their very nature, require special intervention to protect some kinds of information from dissemination to the world.").

17.     Section 107(b)'s protections extend to commercial information that, if disclosed to the public, could be used by various parties for an unfair *advantage. Video Software Dealers Assoc. v. Orion Pictures Corp. (In re Orion Pictures Corp.),* 21 F.3d 24, 27-28 (2d Cir. 1994). Commercial information need not rise to the level of a "trade secret" to be protected under section 107(b) of the Bankruptcy Code. *Id.* at 28

18.     If the material sought to be protected satisfies one of the categories identified in section 107(b) of the Bankruptcy Code, "the court *is required* to protect a requesting party and has no discretion to deny the application." *Id.* at 27 (emphasis in original); *see also In re Faucett*, 438

6

B.R. 564, 567 (Bankr. W.D. Tex. 2010) (citing *In re Northstar Energy, Inc.*, 315 B.R. 425, 429 (Bankr. E.D. Tex. 2004) ("A bankruptcy court is required to seal documentary information filed in court that does not rise to the level of a trade secret but that is so critical to the operations of the entity seeking the protective order that its disclosure will unfairly benefit that entity's competitors.").

19.     Section 107(b) of the Bankruptcy Code does not require a party seeking its protections to demonstrate "good cause." *Orion Pictures*, 21 F.3d at 28. "Courts have supervisory power over their records and files and may deny access to those records and files to prevent them from being used for an improper purpose." *In re Kaiser Aluminum Corp.*, 327 B.R. 554, 560 (D. Del. 2005). Courts must provide such protections "generally where open inspection may be used as a vehicle for improper purposes." *Orion Pictures*, 21 F.3d at 27. Indeed, the "authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice." *See In re Glob. Crossing Ltd.*, 295 B.R. 720, 724 (Bankr. S.D. N.Y. 2003).

20.     Bankruptcy Rule 9018 provides, in relevant part, that on motion "the court may, with or without notice, issue. make any order that justice requires (1) to protect the estate or any entity regarding a trade secret or other confidential research, development, or commercial information." Additionally, Bankruptcy Local Rule 9037-1 provides, in relevant part, that "[a] motion, reply or other document may initially be filed under seal if the filing party simultaneously files a motion requesting that the document be maintained under seal."

21.     Courts regularly authorize the filing of confidential financing documents and documents with confidential financing information under seal in other Chapter 11 cases, and this Court has also granted similar relief.  *See e.g. In re Ultra Petrol. Corp., et al.*, Case No. 16-32202

(MI) (Bankr. S.D. Tex. Feb. 13, 2017) [Dkt. No. 1125] (authorizing debtors to file under seal certain exit facility documents); *In re Azure Midstream Partners, LP, et al.*, Case No. 17-30461 (DRJ) (Bankr. S.D. Tex. May 17, 2017) [Dkt. No. 291] (authorizing the official equity committee to file under seal its objection to the debtors' third amended plan of liquidation and supporting exhibits); *see also In re Energy Future Holdings*, Case No. 14-10979 (CSS) (Bankr. D. Del. May 1, 2014) (authorizing debtors to file under seal DIP financing fee letter); *In re Exide Techs.*, Case No. 13-11482 (KJC) (Bankr. D. Del. June 11, 2013 (same)).

22.     Here, the Exhibits contain confidential, proprietary, and commercially sensitive information, including detailed financial terms, billing structures, customer-related data, internal operating processes, and other non-public business information.  The Exhibits also reflect sensitive information concerning the internal operations, ownership structure, and economic arrangements of the project companies, as well as the nature and scope of their contractual relationships with the Debtors.

23.     Public disclosure of this information would therefore undermine the protections afforded by sections 105(a), 107(b), Bankruptcy Rule 9018, and Local Rule 9037-1.

24.     Thus, the Partnership requests that it be permitted to file the Exhibits under seal.

## EMERGENCY CONSIDERATION

25.     Pursuant to Bankruptcy Local Rule 9013-1, the Partnerships respectfully request emergency consideration of this Motion by **December 22, 2025 at 2:00 p.m. (prevailing Central Time)**.

## NOTICE

26.     Notice of this Motion to Seal will be served on any party entitled to notice pursuant to Bankruptcy Rule 2002 and any other party entitled to notice pursuant to Local Rule 9013-1(d).

## CONCLUSION

**WHEREFORE**, the Partnerships respectfully requests that the Court enter an order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Dated: December 19, 2025
Houston, Texas

Respectfully submitted,

**NORTON ROSE FULBRIGHT US LLP**

By:  _/s/  Julie Goodrich Harrison_
Julie Goodrich Harrison (SBT 24092434)
Maria Mokrzycka (SBT 24119994)
1550 Lamar, Suite 2000
Houston, Texas 77010
Telephone: 713.651.5151
Facsimile: 713.651.5246
julie.harrison@nortonrosefulbright.com
maria.mokrzycka@nortonrosefulbright.com
-and-

Eric Daucher (admitted _pro hac vice_)
Andrew Rosenblatt  _(admitted pro hac vice_)
John Conover (admitted _pro hac vice_)
1301 Avenue of the Americas
New York, New York 10019
Telephone: 212.318.3000
Facsimile: 212.318.3400
eric.daucher@nortonrosefulbright.com
andrew.rosenblatt@nortonrosefulbright.com
john.conover@nortonrosefulbright.com


_Counsel for SunStrong Management LLC,
as Managing Member of the PosiGen
Bienville Project Company, LLC_

9

## CERTIFICATE OF ACCURACY

I certify that the foregoing statements are true and accurate to the best of my knowledge. This statement is being made pursuant to Bankruptcy Local Rule 9013-1(i).

By:     */s/  Eric Daucher*
        Eric Daucher

## CERTIFICATE OF SERVICE

I certify that on December 19, 2025, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas to all parties registered to receive such service.

By:     */s/  Julie Harrison*
        Julie Harrison