**Exhibit 2**

**Redline**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |
|---|---|
| **In re** | **Chapter 11** |
| **POSIGEN, PBC,** *et al.*,[1] | **Case No. 25-90787 (CML)** |
| **Debtors.** | **(Jointly Administered)** |

------------------------------------------------------------------X

|  |  |
|---|---|
| **ALEX RUPERTO and TANISHA SMITH, on behalf of themselves and all others similarly situated,** |  |
| **Plaintiffs,** |  |
| **v.** | **Adversary Proceeding No. 25-03833 (CML)** |
| **POSIGEN, PBC; POSIGEN, LLC; POSIGEN OPERATIONS, LLC; POSIGEN DEVELOPER, LLC; POSIGEN PROVIDER, LLC; POSIGEN HOLDINGS, LLC; POSIGEN RAMPART HOLDCO, LLC; POSIGEN RAMPART, LLC; POSIGEN OWNER 2, LLC; and POSIGEN OWNER 3, LLC,** |  |
| **Defendants.** |  |

------------------------------------------------------------------X

**ORDER PURSUANT TO RULE 23 OF THE FEDERAL RULES OF
CIVIL PROCEDURE, SECTION 105 OF THE BANKRUPTCY CODE,
AND FEDERAL ~~BANKRUPTCY~~ RULES OF BANKRUPTCY PROCEDURE 7023 AND
9019
(I) PRELIMINARILY APPROVING THE WARN ACTION SETTLEMENT,
(II) APPROVING THE FORM AND MANNER OF NOTICE TO WARN ACTION
SETTLEMENT CLASS MEMBERS OF THE WARN ACTION SETTLEMENT,
(III) SCHEDULING A FAIRNESS HEARING TO CONSIDER FINAL APPROVAL
OF THE WARN ACTION SETTLEMENT, AND (IV) GRANTING RELATED RELIEF**

---

[1]     The last four digits of PosiGen, PBC's tax identification number are 9706. A complete list of each of the Debtors in these chapter 11 cases and the last four digits of their federal tax identification numbers may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/PosiGen. The Debtors' service address in these chapter 11 cases is 1000 Elmwood Park Boulevard, Suite A, Harahan, LA 70123.

Upon the Joint Motion of Alex Ruperto, Tanisha Smith, Leandro Espinosa, Donald Giamboy, and Robert McGregor (together, the "WARN Action Representative Claimants"), on behalf of themselves and all others similarly situated (the "WARN Action Settlement Class"), on the one hand, and, on the other hand, PosiGen, PBC, PosiGen, LLC, PosiGen Operations, LLC, PosiGen Developer, LLC, PosiGen Provider, LLC, PosiGen Holdings, LLC, PosiGen Rampart Holdco, LLC, PosiGen Rampart, LLC, PosiGen Owner 2, LLC, and PosiGen Owner 3, LLC (collectively, the "Debtors" and, together with the WARN Action Representative Claimants, the "Movants"), by and through their respective counsel, pursuant to section 105 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 23 of the Federal Rules of Civil Procedure (the "Civil Rules"), applicable hereto by Bankruptcy Rule 7023, for the entry of an Order: (1) approving the WARN Action Settlement[2] pursuant to Bankruptcy Rule 9019; (2) preliminarily approving the WARN Action Settlement pursuant to Bankruptcy Rule 7023; (3) approving the form and manner of notice of the WARN Action Settlement to the members of the WARN Action Settlement Class (the "Class Notice"); (4) scheduling a fairness hearing to consider final approval of the WARN Action Settlement (the "Fairness Hearing"); (5) finally approving the WARN Action Settlement following the Fairness Hearing; and (6) granting related relief (the "Joint Motion"); and the Court having considered the Joint Motion and any opposition thereto; and the Court having found that proper and sufficient notice of the Joint Motion has been given and that no further notice of the Joint Motion is required except as set forth herein; and that based on the range of possible outcomes and the cost, delay, and uncertainty associated

---

[2]   The WARN Action Settlement is described in Article VIII.J of the *Second Amended Combined Disclosure Statement and Joint Chapter 11 Plan of PosiGen, PBC and Its Affiliated* Debtors [Docket No. 581] (the "Plan").  Unless otherwise defined herein, capitalized terms have the meanings provided in the Plan.

with further litigation, the WARN Action Settlement is reasonable and cost-effective, and preliminary approval of the WARN Action Settlement is warranted and in the best interest of the Debtors' Estates;

**IT IS HEREBY ORDERED THAT:**

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.

2.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3.      The WARN Action Settlement is approved pursuant to Bankruptcy Rule 9019.

4.      The WARN Action Settlement is preliminarily approved pursuant to Civil Rule 23 and Bankruptcy Rule 7023, subject to final approval at the Fairness Hearing.

5.      The Class Notice attached to the Joint Motion is hereby approved.

6.      Notice to the members of the WARN Action Settlement Class identified in Schedule 1 attached to the Joint Motion as "Exhibit A" by first class mail, postage prepaid, at their last known address is reasonable and the best notice practicable under the circumstances and constitutes due and sufficient notice to all proposed members of the WARN Action Settlement Class in full compliance with the notice requirements of Civil Rule 23, and such mailing shall be made by WARN Action Class Counsel, or their designee, within ten (10) days following entry of this Order.

7.      Members of the WARN Action Settlement Class who wish to opt-out of the WARN Action Settlement must send any such completed opt-out form according to the instructions set forth in the Class Notice, such that it is received by WARN Action Class Counsel no later than the opt-out deadline set forth in the Class Notice, which shall be set at thirty (30) days from the date of mailing.

8. Members of the WARN Action Settlement Class who wish to object to the WARN Action Settlement must send and file any such completed objection, according to the instructions set forth in the Class Notice, such that it is received by WARN Action Class Counsel and the Bankruptcy Court no later than the objection deadline set forth in the Class Notice, which shall be set at thirty (30) days from the date of mailing.

9. The final Fairness Hearing regarding the WARN Action Settlement is scheduled to be held on [——————]May 7, 2026, at [———] a.m./p.m10:00 a.m. (prevailing Central Time).  The final Fairness Hearing may be continued from time to time by the Court or adjourned without further notice other than the announcement of the continued date(s) or adjournment on the docket.

10. The Court shall retain jurisdiction over all matters arising pursuant to or related to the relief granted by this Order.

Dated: _____, 2026        _____
                                      CHRISTOPHER M. LOPEZ
                                      UNITED STATES BANKRUPTCY JUDGE

4

| Summary report: Litera Compare for Word 11.12.0.83 Document comparison done on 3/18/2026 2:44:23 PM | |
|---|---|
| **Style name:** 2_WC_StandardSet | |
| **Intelligent Table Comparison:** Active | |
| **Original DMS:** iw://americasdms.whitecase.com/AMERICAS/132600206/2 | |
| **Modified DMS:** iw://americasdms.whitecase.com/AMERICAS/132600206/3 | |
| **Changes:** | |
| Add | 12 |
| Delete | 5 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 17 |