**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |
|---|---|
| In re:<br><br>PosiGen, PBC, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 25-90787 (CML)<br><br>(Jointly Administered)<br><br>**Re: Docket No. 695** |

**STIPULATION AND AGREED ORDER
BY AND BETWEEN CLAIMANT NATALIE PRATER AND THE PLAN
ADMINISTRATOR**

This Stipulation and agreed Order (this "Stipulation and Order") is entered into by and between: (i) Ephraim Diamond, solely in his capacity as the Plan Administrator (the "Plan Administrator") appointed pursuant to the terms of the *Second Amended Combined Disclosure Statement and Joint Chapter 11 Plan of PosiGen, PBC and Its Affiliated Debtors* (Docket No. 581) (including all exhibits and supplements thereto, the "Plan"),[2] and (ii) Natalie Prater ("Prater" and, together with the Plan Administrator, the "Parties"). The Parties hereby stipulate and agree as follows:

A.      On November 24, 2025, PosiGen, PBC, and its affiliated debtors (collectively, the "Debtors") filed voluntary petitions for relief under Chapter 11 of title 11 of the United States

---

[1]     An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Bankruptcy Local Rules directing joint administration of the chapter 11 cases of: PosiGen, PBC, Case No. 25-90787; PosiGen Developer, LLC, Case No. 25-90788; PosiGen Holdings, LLC, Case No. 25-90789; PosiGen Operations, LLC, Case No. 25-90790; PosiGen Owner 2, LLC, Case No. 25- 90791; PosiGen Provider, LLC, Case No. 25-90792; PosiGen Owner 3, LLC, Case No. 25- 90793; PosiGen Rampart Holdco, LLC, Case No. 25-90794; PosiGen Rampart, LLC, Case No. 25-90795; PosiGen, LLC, Case No. 25-90796. All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 25-90787 (CML).

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

4908-4470-2897.1 70962.00003

Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas (the "Court").

B.      On February 24, 2026, the Court entered the *Findings of Facts, Conclusions of Law, and Order (I) Approving the Disclosure Statement, (II) Confirming the Joint Chapter 11 Plan of PosiGen, PBC and Its Affiliated Debtors, and (III) Granting Related Relief* [Docket No. 621] (the "Confirmation Order"), which, among other things, approved and confirmed the Plan, a copy of which is attached as Exhibit A to the Confirmation Order.

C.      The Effective Date of the Plan occurred on February 26, 2026. *See* Docket No. 621.

D.      The Plan provides that Claims covered by an applicable insurance policy (the "Insurance Policies") with a self-insured retention ("SIR") provision are entitled to a general unsecured claim against the Debtors' estates only up to the amount of an applicable SIR. Any further recovery related to such Claim (*i.e.*, a claim in excess of the SIR) may only come from the proceeds of an applicable insurance policy. *See* Plan, at § Art. X.P.3.

E.      On February 17, 2026, Claimant filed a Claim in the amount of $150,000 against PosiGen, PBC identified on the official claims register as Claim 226 ("Claim 226") on the basis of a negligence claim that Claimant sustained in 2024 (the "Incident").

F.      On February 17, 2026, Claimant filed a Claim in the amount of $150,000 against PosiGen, LLC identified on the official claims register Claim 227 ("Claim 227" and, together with Claim 226, the "Prater Claims") on the basis of the Incident.

G.      On April 21, 2026, Claimant filed the *Motion for Relief From the Stay to Continue State Court Litigation* [Docket No. 695] (the "Motion"), seeking, among other things, lifting the automatic stay, as more fully set forth in the Motion.

H.      The Parties have conferred in reconciling Claim 226 and Claim 227 and resolving the Motion on the terms set forth in this Stipulation.

**NOW**, **THEREFORE**, **IT IS STIPULATED AND AGREED** as follows:

1.      The above recitals are incorporated herein with the same force and effect as if fully set forth hereinafter.

2.      Upon entry of an order approving this Stipulation, Claim 226 is hereby allowed as a Class 7-B General Unsecured Claim in the total amount of $25,000 (the "Allowed Claim") solely for distribution purposes and for no other purposes. For the avoidance of doubt, the Allowed Claim shall be solely paid in accordance with the terms of the Plan, as and when distributions, if any, to Allowed Class 7-B General Unsecured Claims are made.

3.      Claimant hereby stipulates and agrees that she will not file or assert any other claims in the Debtors' chapter 11 cases and shall not be entitled to any distribution other than as expressly provided for herein with respect to the Allowed Claim in the amount indicated above.

4.      The claims and noticing agent, Kroll Restructuring Administration LLC, shall update the claims register to reflect the relief granted in this Stipulation.

5.      Effective upon entry of this Order, the injunction under the Plan shall be lifted solely to permit the Movant to proceed with the action without further Order of the Bankruptcy Court. The relief granted by this Order survives the conversion or dismissal of the Chapter 11 Cases.

6.      Except as expressly modified herein, the Plan injunction shall remain in place for all other purposes.

7.      The Plan Administrator makes no representations respecting the Claimant's likelihood of success on her Claim or with respect to efforts to collect any judgment, settlement, or other award of damages, if any, and the Parties do not waive any rights with respect to the Claim.

8.      The Motion is hereby deemed withdrawn with prejudice based on the resolution herein.

9.      The terms of this Stipulation shall be immediately effective and enforceable upon entry by the Court. Nothing in this Stipulation shall obligate the Trust, the Debtors, the Plan Administrator, Claimant, or any insurance carrier to settle or pursue settlement of any particular Claim.

10.     Nothing in this Stipulation, nor any actions taken pursuant hereto, shall constitute admissible evidence against any party in any action or proceeding other than one to enforce the terms of this Stipulation.

11.     The limited relief set forth herein shall not be construed as an admission of liability by the Trust, Debtors, or the Plan Administrator regarding any claim or cause of action arising from or in relation to the Prater Claims, the Incident, or any other matter. The Debtors deny any and all liability and wrongdoing. This Order represents the compromise and resolution of a disputed claim for distribution purposes.

12.     Nothing herein shall modify, limit, or enhance any right of Claimant or that of any applicable insurer or other affected party under the Plan or applicable law, except as to distributions under the Plan as set forth herein. For the avoidance of doubt, to the extent that Claimant seeks to pursue a recovery in excess of a distribution as set forth in the Plan, any such rights are expressly preserved, and all rights of any insurer or any other party in opposition thereof are preserved, all subject to the terms of the Plan and applicable law.

13. For the avoidance of doubt, nothing in this Order shall be construed as an agreement to treat any damages or expenses resulting or arising from the Prater Claims, or commencement and prosecution thereof, as post-petition claims. For the further avoidance of doubt, nothing in this Order shall be construed to alter the treatment of any liquidated Claim under the Plan.

14. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (i) an admission as to the validity of any claim against the Trust, the Plan Administrator or Debtors, as applicable, (ii) a waiver of the Trust's, the Plan Administrator's, the Debtors' or any appropriate party-in-interest's rights to dispute the amount of, basis for, or validity of any claim, (iii) a waiver of the Trust's, the Plan Administrator's, or any other party-in-interest's rights under the Bankruptcy Code or any other applicable non-bankruptcy law, or (iv) an approval, adoption, assumption, or rejection of any agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code. For the avoidance of doubt, the Trust's rights to object to any claim filed by Claimant, other than the Claim 226 and Claim 227, on any grounds whatsoever are expressly preserved.

15. The Parties shall bear their own respective attorneys' fees and costs arising from this Stipulation.

16. This Stipulation is intended by the Parties to be binding upon their successors, agents, assigns, including bankruptcy trustees and estate representatives, and any parent, subsidiary, or affiliated entity of the Parties.

17. The undersigned represent and warrant that they have full authority to execute this Stipulation on behalf of the respective Parties and that the respective Parties have full knowledge of, and have consented to, this Stipulation.

18. This Stipulation may be executed in counterparts and/or by facsimile or other electronic signature, and each such counterpart together with the others shall constitute one and the same instrument.

19. The Parties agree that each of them has had a full opportunity to participate in the drafting of this Stipulation, and any claimed ambiguity shall be construed neither for nor against any of the Parties. The Parties each acknowledge that they have had the opportunity to seek advice of their own counsel in negotiating, drafting, and executing this Stipulation. Each party expressly disclaims any reliance on any statements or representations not expressly made in this Stipulation in deciding whether to enter this Stipulation and warrants that such party will not assert that it was fraudulently induced into entering this Stipulation by any party or non-party.

20. This Stipulation shall not be modified, altered, amended, or supplemented except by a writing executed by the Parties or their authorized representatives.

21. The Court retains exclusive jurisdiction and power with respect to all matters arising from or related to the implementation of this Stipulation, and the Parties hereby consent to such jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation.

Signed: _____

_____
Christopher López
United States Bankruptcy Judge

**AGREED AND APPROVED FOR ENTRY**:

Dated: June 18, 2026

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Michael D. Warner*
Michael D. Warner, Esq. (TX Bar No. 00792304)
Maxim B. Litvak, Esq, (TX Bar No. 24002482)
**PACHULSKI STANG ZIEHL & JONES LLP**
700 Louisiana Street, Suite 4500
Houston, TX 77002
Telephone: (713) 691-9385
Facsimile: (713) 691-9407
Email:  mwarner@pszjlaw.com
       mlitvak@pszjlaw.com

      - and -

Bradford J. Sandler, Esq. (admitted *pro hac vice*)
Robert J. Feinstein, Esq. (admitted *pro hac vice*)
Shirley S. Cho, Esq. (admitted *pro hac vice*)
**PACHULSKI STANG ZIEHL & JONES LLP**
1700 Broadway, 36th Floor
New York, NY 10019
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
Email:  bsandler@pszjlaw.com
       rfeinstein@pszjlaw.com
       scho@pszjlaw.com

*Counsel to the Plan Administrator*

**MILLEDGE LAW GROUP, P.C.**

*/s/ Samuel L. Milledge*
Samuel L. Milledge, Esq.
**MILLEDGE LAW GROUP, P.C.**
1235 North Loop West, Suite 725
Houston, TX 77008
Telephone: (713) 812-1409
Fax: (713) 812-1418
E-mail:  milledge@milledgelawfirm.com

*Counsel for Natalie Prater*